2013 ND 134

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Nelson Bennett GIPP, Defendant and Appellant.**

**No. 20120412.**

Supreme Court of North Dakota.

July 18, 2013.

Lloyd Suhr, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Mark T. Blumer, Fargo, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Nelson Gipp appealed from a criminal judgment entered after he conditionally pled guilty to the amended charge of menacing. We affirm.

I.

[¶ 2] In March of 2012, Charles Murphy, Sr. and Charles Murphy, Jr. informed law enforcement they had received threatening phone calls from Nelson Gipp. In the call to Murphy Sr., Gipp accused him and two other people of being child molesters and threatened to kill him. In the call to Murphy Jr., Gipp told him Murphy Sr. was a child molester and that Gipp was going to kill Murphy Sr. Gipp was interviewed by an FBI agent, and he admitted to making the phone calls. During the interview, Gipp alleged that Murphy Sr. had sexually abused him as a child. Gipp was charged with terrorizing.

[¶ 3] Gipp informed the State that he intended to introduce evidence that Murphy Sr. sexually abused him in the past. The State moved in limine to exclude any evidence of past sexual abuse, and Gipp resisted the motion. There was no hearing on the motion. The district court granted the motion in limine in a one paragraph order stating: "After considering the evidence before the Court, IT IS HEREBY ORDERED, that the State's Motion in Limine to exclude evidence of alleged sexual abuse in this matter is HEREBY GRANTED." Gipp moved to reconsider, arguing N.D.R.Ev. 106 requires the statement be entered in its entirety so it is not taken out of context. The district court did not rule on the motion to reconsider. Gipp entered a conditional guilty plea to the amended charge of menacing.

II.

[¶ 4] Gipp argues that the portion of the conversation accusing the victim of molesting children is relevant to show his state of mind during the phone call. Gipp misinterprets the effect of the district court's order. Both the State and Gipp argue that the district court's order excluded the portion of Gipp's threat alleging that Murphy Sr. was a child molester. We disagree. While the district court's intention is not entirely clear from the language of the order, interpreting the order to exclude a portion of a complete statement would violate the basic evidentiary tenet that statements should be offered in context. *See* 7 J. Wigmore, Wigmore on Evidence § 2094 (Chadbourn rev. 1978) ("Verbal utterances are attempts to express ideas in words.... It follows that the thought as a whole, and as it actually existed, cannot be ascertained without *taking the utterance as a whole* and comparing successive elements and their mutual relations.") (emphasis in original); *see also* N.D.R.Ev. 106. The district court order excluded evidence of past sexual abuse. The statement, if entered to give context to the threat and show Gipp's state of mind, is not evidence of past sexual abuse. It is not offered to prove the past sexual abuse, but simply to prove that the statement about past sexual abuse was made as a part of the threat. Therefore, the district court's order did not exclude the portion of Gipp's threat alleging past sexual abuse if the statement was offered for context and state of mind.

[¶ 5] Gipp also expressed the intention to offer evidence that the allegation of past sexual abuse was true. Gipp

apparently intended to question Murphy Sr. about the allegation, and possibly impeach Murphy Sr. with testimony from other witnesses about the allegation. Evidence which is not relevant to the proceeding is not admissible. N.D.R.Ev. 402. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.D.R.Ev. 401. "The test to determine whether evidence is relevant or irrelevant is whether the evidence would reasonably and actually tend to prove or disprove any matter of fact in issue." *State v. Thompson*, 2010 ND 10, ¶ 10, 777 N.W.2d 617. "A district court has broad discretion in evidentiary matters, and [this Court] will not overturn a district court's decision to admit or exclude evidence unless the court abused its discretion." *State v. Chacano*, 2013 ND 8, ¶ 7, 826 N.W.2d 294. "A district court abuses its discretion when it acts in an arbitrary, unreasonable, or capricious manner, or misinterprets or misapplies the law." *Id.* The appellant bears the burden of proving error. *Id.*

[¶ 6] Any testimony, either from the cross-examination of Murphy Sr. or from witnesses called by the defense, as to the truth of the allegation would be evidence of past sexual abuse and was therefore excluded by the order of the district court. We conclude the district court did not abuse its discretion by excluding such evidence. Gipp did not express any intention to claim a defense, such as justification or mental defect, to which the conduct may be relevant, and Murphy Sr.'s alleged past conduct has no relevance to any element of the crime charged.

### III.

[¶ 7] We affirm the criminal judgment convicting Gipp of menacing.

[¶ 8] DALE V. SANDSTROM, DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.