2017 ND 230

INTEREST OF F.S., minor child

Jaimee Towers, Assistant State's
Attorney for Ward County,
Petitioner and Appellee

v.

F.S., minor child, M.S., Sr., father,
Shane Forshner, Guardian ad Litem,
and Christopher Jones, Executive Director of the ND Department of Human Services, Respondents

and

K.S., mother, Respondent
and Appellant

Interest of M.S., Jr., minor child

Jaimee Towers, Assistant State's
Attorney for Ward County,
Petitioner and Appellee

v.

M.S., Jr., minor child, M.S., Sr., father,
Shane Forshner, Guardian ad Litem,
and Christopher Jones, Executive Director of the ND Department of Human Services, Respondents

and

K.S., mother, Respondent
and Appellant

Interest of M.S., minor child

Jaimee Towers, Assistant State's
Attorney for Ward County,
Petitioner and Appellee

v.

M.S., minor child, M.S., Sr., father,
Shane Forshner, Guardian ad Litem,
and Christopher Jones, Executive Di-

rector of the ND Department of Human Services, Respondents

and

K.S., mother, Respondent
and Appellant

No. 20170297, No. 20170298,
No. 20170299

Supreme Court of North Dakota.

, Filed 9/20/2017

Jaimee F.E. Towers, Assistant State's Attorney, Minot, N.D., petitioner and appellee; submitted on brief.

Kyle R. Craig, Minot, N.D., for respondent and appellant; submitted on brief.

McEvers, Justice.

[¶ 1] K.S., the mother of three minor children, appeals from a juvenile court order terminating her parental rights. K.S. argues the juvenile court abused its discretion in granting a motion to reopen the record. We conclude the court did not abuse its discretion in reopening the record for a supplemental hearing. We affirm.

I

[¶ 2] In February 2016, the State filed a petition for termination of parental rights of K.S. and M.S. in regard to the minor children, F.S.; M.S., Jr.; and M.S. The petition was based on the continuing deprivation of the children based on the parents' unresolved addiction and domestic violence issues; failure to maintain stable housing and employment; failure to remain law abiding and unresolved legal issues;

and inconsistent visitation and communication with the children. At the termination hearing on June 13 and 14, 2017, a number of witnesses testified regarding drug usage and domestic violence, the parents' turbulent relationship, the level of the parents' cooperation with social services, and K.S.'s chemical dependency treatment and lapses in her sobriety. At the conclusion of the hearing, the juvenile court allowed K.S. the opportunity to submit a post-hearing brief in lieu of an oral closing argument. K.S. filed her brief on June 21, 2017. The court directed the State to file its response within one week.

[¶ 3] On June 24, 2017, law enforcement and ambulance services were called to a Minot residence for a possible drug overdose. A police officer found K.S. on the bathroom floor with a needle in her arm. K.S. was unconscious, her extremities were blue-colored, she was gasping for breath, and had a very low pulse. The officer and ambulance personnel administered two doses of Narcan to prevent death.

[¶ 4] On June 26, 2017, Ward County Social Services moved the juvenile court to reopen the termination of parental rights proceeding for an evidentiary hearing regarding the overdose. K.S. opposed the motion. The court granted the motion because it had not yet issued a final order and the facts of the underlying incident may have a direct bearing on the matter. After a supplemental evidentiary hearing, the court entered an order terminating the parental rights of the three children.

## II

[¶ 5] K.S. argues the juvenile court abused its discretion in reopening the record to allow for a supplemental evidentiary hearing.

[¶ 6] We have stated that "[district] courts are vested with broad discretion in permitting or refusing to permit a party, after having rested, to reopen the case for the purpose of introducing additional proof, and thus the [district] court's decision will not be reversed on appeal absent a showing that such discretion was clearly abused." *Leno v. Ehli*, 339 N.W.2d 92, 97 (N.D. 1983). "'A district court has broad discretion in evidentiary matters, and [this Court] will not overturn a district court's decision to admit or exclude evidence unless the court abused its discretion.'" *Vandal v. Leno*, 2014 ND 45, ¶ 26, 843 N.W.2d 313 (quoting *State v. Gipp*, 2013 ND 134, ¶ 5, 833 N.W.2d 541). A district court abuses its discretion when it acts in an arbitrary, unreasonable, or capricious manner, or misinterprets or misapplies the law. *Id.* The appellant has the burden to prove error. *Id.*

[¶ 7] In support of K.S.'s argument, she relies on *Vandal*, 2014 ND 45, ¶ 29, 843 N.W.2d 313. In *Vandal*, this Court held the district court did not abuse its discretion by refusing to reopen the record after the mother attempted to introduce evidence of a favorable chemical dependency evaluation after the trial had concluded. *Id.* at ¶¶ 27–29. The district court denied the motion to reopen the record because the mother had plenty of time to obtain a chemical dependency evaluation before trial, but instead waited until five days before trial began to meet with an addiction counselor. *Id. Vandal* is distinguishable from this case.

[¶ 8] Here, the parties could not have anticipated that K.S. would overdose on heroin and be charged with possession of a controlled substance until June 24, 2017, shortly after the termination hearing.

[¶ 9] The juvenile court granted the motion to reopen because it had not yet issued a final order when Ward County Social Services filed its motion. The court reasoned the evidence was directly rele-

vant as to whether K.S. had addressed her chemical dependency issues, which prevented her from properly parenting her children in the past and was material and relevant as to her ability to properly parent her children in the future. We conclude the juvenile court did not act in an arbitrary, unreasonable, or capricious manner and did not misapply the law in granting the State's motion. We therefore conclude the court did not abuse its discretion in reopening the record and holding a supplemental hearing.

### III

[¶ 10] We hold the juvenile court did not abuse its discretion in reopening the record for a supplemental hearing. The order terminating parental rights is affirmed.

[¶ 11] Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Jon J. Jensen

Gerald W. VandeWalle, C.J.