# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 211

Yanjun Zuo,                                                     Plaintiff and Appellant

v.

Yuanyuan Wang,                                              Defendant and Appellee

No. 20180403

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable M. Jason McCarthy, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by McEvers, Justice.

Kelsey L. Hankey, Grand Forks, ND, for plaintiff and appellant.

Kristi P. Venhuizen, Grand Forks, ND, for defendant and appellee.

**McEvers, Justice.**

[¶1] Yanjun Zuo appeals a district court judgment and post-judgment orders awarding Yuanyuan Wang marital property, spousal support, and primary residential responsibility of the parties' minor child. Zuo argues the court erred in its evidentiary decisions at trial, and erred in awarding spousal support and primary residential responsibility to Wang. He also argues the court erred in backdating child support. We affirm in part, reverse in part, and remand.

I

[¶2] Zuo and Wang were married in Beijing, China in 1994 and have one child. Zuo is a professor and researcher at the University of North Dakota earning approximately $143,400 annually. Wang had a well-paying job in Hong Kong where she earned approximately $10,000 per month. However, while living in Grand Forks from 2008 to 2013, and from 2014 to the present, she worked at various positions, earning between $13.50 and $18 per hour.

[¶3] Zuo sued for divorce in December 2016. The district court entered an interim order in March 2017. The interim order was based on the parties' stipulation and provided that in lieu of child support, Zuo would pay all of the child's daycare expenses. The issue of child support was reserved until trial.

[¶4] The district court held a four-day bench trial in April and May of 2018. At trial, the court admitted audio recordings of communications between Zuo and Wang. Zuo recorded the communications without Wang's knowledge. Zuo attempted to introduce English translations of the recordings. Wang objected and the court excluded the English translations of the recordings.

[¶5] In its findings of fact, conclusions of law, and order for judgment issued after trial, the district court found Zuo committed domestic violence against Wang and

awarded Wang primary residential responsibility of the child. The court ordered Zuo to pay $1,335 per month in child support effective as of February 1, 2017. The court distributed the parties' marital property and awarded Wang $1,750 in monthly spousal support for ten years.

## II

[¶6]   Zuo argues the district court erred when it did not allow for an English translation of the audio recordings he submitted at trial. Zuo contends the recordings show Wang was abusive toward him.

[¶7]   A district court has wide discretion in evidentiary matters, and we will not overturn a court's decision to admit or exclude evidence unless the court abused its discretion. *Vandal v. Leno*, 2014 ND 45, ¶ 26, 843 N.W.2d 313. A court abuses its discretion when it acts in an arbitrary, unreasonable, or capricious manner, it misinterprets or misapplies the law, or its decision is not the product of a rational mental process leading to a reasoned determination. *Zundel v. Zundel*, 2017 ND 217, ¶ 27, 901 N.W.2d 731.

[¶8]   The district court found Zuo recorded the interactions between himself and Wang "in an effort to create prejudicial evidence to introduce at trial." The court explained its decision to disallow the translations of the recordings:

> The Court has considered [Wang's] objection and will sustain it, for several reasons.
> First, the translator's certificate of accuracy indicates that the translator translated an original document and the witness [Zuo] is unable to describe how the recordings were reduced to a document.
> Second, the Court shares the same concerns as Defense counsel regarding the parentheticals.
> And, finally, it will be sustained due to timeliness. It looks like, at least from the exhibit list, these recordings . . . were made in 2015 and 2016; so this should have been taken care of quite some time ago.

[¶9]   The translations were provided to Wang after the deadline under the scheduling order relating to the exchange of exhibits before trial. Zuo was unable to answer questions about the translation process. Zuo admitted that some recordings

2

had not been saved. The district court adequately explained its decision to exclude the translations, and its decision was not arbitrary or capricious. We conclude the court did not abuse its discretion in excluding the translations.

III

[¶10] Zuo argues the district court clearly erred in awarding primary residential responsibility of the child to Wang.

[¶11] We exercise a limited review of primary residential responsibility decisions. *Grasser v. Grasser*, 2018 ND 85, ¶ 17, 909 N.W.2d 99. A district court's decision on primary residential responsibility is a finding of fact and will not be overturned on appeal unless clearly erroneous. *Id.* A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence supports it, or if this Court, on the entire record, is left with a definite and firm conviction a mistake has been made. *Id.* Under the clearly erroneous standard, we do not reweigh the evidence or reassess the credibility of witnesses. *Id.* A court must award primary residential responsibility in light of the child's best interests, considering all the relevant best interest factors under N.D.C.C. § 14-09-06.2(1).

[¶12] Zuo argues the district court erred in finding he committed domestic violence under N.D.C.C. § 14-09-06.2(1)(j). He argues the court considered hearsay evidence and there were inconsistencies in the witnesses' testimony.

[¶13] The district court found Zuo committed domestic violence against Wang on three occasions, in August 2015, November 2015, and January 2017. In response to Wang's 911 call after the August 2015 incident, a UND police officer testified he saw redness, swelling, and a faint bruise on Wang's face. He testified that it appeared Wang had been slapped. The officer arrested Zuo for simple assault. Zuo plead guilty to a lesser charge of disorderly conduct and received a deferred imposition of sentence.

[¶14] Wang testified Zuo struck her in the face again in November 2015. Two of Wang's witnesses testified they did not observe the incident, but they noticed bruising

3

on Wang's face after the incident. The district court found another incident of domestic violence occurred in January 2017. Wang contacted the police, and Zuo was charged with interference with a 911 call and disorderly conduct. Zuo was placed on administrative leave following the January 2017 incident.

[¶15] Zuo claims the district court considered hearsay evidence in its domestic violence findings; however, Zuo did not object to any witnesses' testimony on the basis of hearsay. "[H]earsay evidence, if not objected to, may properly be used in a court proceeding." *Sargent Cty. Bank v. Wentworth*, 547 N.W.2d 753, 762 (N.D. 1996). On appeal, Zuo waived any objection based on hearsay by failing to object at trial. The court made specific findings on domestic violence, and the evidence supports the court's findings. We conclude the court's findings on domestic violence are not clearly erroneous.

[¶16] Zuo argues the district court erred in its analysis of the remaining best interest factors. He contends the court ignored significant evidence that was favorable to him and detrimental to Wang. Zuo's arguments appear to be a request for this Court to reweigh the evidence and assess the credibility of witnesses. The court addressed each factor, finding seven factors favored Wang, zero factors favored Zuo, and five factors favored neither party.

[¶17] We conclude the district court's award of primary residential responsibility to Wang was not clearly erroneous. The court's findings have support in the record, and we are not left with a definite and firm conviction a mistake has been made.

IV

[¶18] Zuo argues the district court erred in its analysis of the *Ruff-Fischer* guidelines in awarding rehabilitative spousal support to Wang.

[¶19] A district court may award spousal support under N.D.C.C. § 14-05-24.1(1). A court must consider the *Ruff–Fischer* guidelines in deciding whether spousal support is appropriate, including:

> [T]he respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their

4

station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Schmuck v. Schmuck*, 2016 ND 87, ¶ 6, 882 N.W.2d 918; *see also Fischer v. Fischer*, 139 N.W.2d 845, 852 (N.D. 1966); *Ruff v. Ruff*, 78 N.D. 775, 784, 52 N.W.2d 107, 111 (1952). In addition, the court must consider the needs of the spouse seeking support and the ability of the other spouse to pay. *Schmuck*, at ¶ 6. A spousal support award is a finding of fact that will not be disturbed on appeal unless clearly erroneous. *Id.*

[¶20] The district court addressed the *Ruff-Fischer* guidelines in its findings of fact. The court found the parties had a long-term marriage, Wang was in need of spousal support, and Zuo had the ability to pay. The court awarded Wang $1,750 per month in spousal support for ten years. The court found that Wang will need to find employment in addition to spousal support to support herself. The court explained, "[t]his [spousal support award] will allow [Wang] sufficient time to pursue a career and/or additional schooling here to better her station in life and her ability to support herself. Even with the award of rehabilitative spousal support, [Wang] will need to find employment and tap her savings to support herself."

[¶21] The evidence in the record supports the district court's findings, and we are not left with a definite and firm conviction a mistake has been made. The court did not clearly err in awarding Wang rehabilitative spousal support for ten years.

V

[¶22] Zuo argues the district court erred in its analysis and distribution of the marital estate. Specifically, he claims the court erred when it included in the marital estate an $85,000 gift Zuo made to his family in 2014. Zuo asserts Wang also gifted money to family and the court should have included those gifts in the marital estate. Again, it appears Zuo is asking this Court to reweigh the evidence relating to the court's decision.

5

[¶23] The district court found that in May and October of 2014, Zuo gifted $85,000 to his sister. The court found Zuo gifted the $85,000 in an attempt to conceal money. The court found that near the time of the money transfers he changed the address for the bank statements and did not initially disclose the gift to Wang. We conclude the court did not clearly err in its valuation and distribution of the marital estate.

VI

[¶24] Zuo argues the district court erred in awarding retroactive child support that conflicted with the interim order. He claims his child support obligation should have begun the month following entry of judgment rather than February 2017.

[¶25] The parties executed a stipulation for an interim order relating to primary residential responsibility, child support, and other issues. The district court accepted the parties' stipulations and entered the interim order. Regarding child support, the interim order provides:

> CHILD SUPPORT: [Zuo] is paying all of the daycare expenses for the minor child in lieu of child support. The issue of child support shall be reserved until a final Judgment is entered in this matter, at which time the child support obligation shall not be backdated or made retroactive but shall commence with the month following entry of Judgment.

The court entered final judgment in September 2018. Under the judgment, the court ordered Zuo to pay $1,335 per month in child support beginning February 1, 2017.

[¶26] A district court's decision whether to award past child support is discretionary and will not be reversed unless the court abuses its discretion. *Rhodenbaugh v. Rhodenbaugh*, 2019 ND 109, ¶ 16, 925 N.W.2d 742. Under N.D.C.C. § 14-09-09.32, "[a]n agreement purporting to relieve an obligor of any current or future duty of child support is void and may not be enforced."

[¶27] The interim order plainly states child support will not be backdated and will begin the month following entry of judgment. Although N.D.C.C. § 14-09-09.32 prohibits an agreement relieving an obligor of child support, the parties' agreement here was accepted and adopted by the court in its interim order. Additionally, the

6

order did not completely relieve Zuo of child support. Zuo financially supported the child by paying all of the daycare expenses during the pendency of the action. In its findings the court stated "there was little if any evidence that [Zuo] provided financial support for A.Z. since the pendency of this action." Other than that statement, the court did not find Zuo failed to comply with the interim order or that it erred in adopting the interim order.

[¶28] Because the interim order provided child support would not begin until the month following entry of judgment, we conclude the district court abused its discretion by backdating Zuo's child support obligation to February 1, 2017. We reverse the judgment and remand for entry of judgment ruling Zuo's child support obligation began the month following entry of judgment.

## VII

[¶29] Zuo also filed a notice of appeal from the district court's order denying his post-judgment motion to reconsider and amend the findings and motion for stay of enforcement of order. Zuo provided no argument on appeal relating to the court's order denying his post-judgment motions. We therefore decline to address Zuo's appeal of the post-judgment order and affirm the order.

## VIII

[¶30]   We have considered the parties' remaining arguments and conclude they are either without merit or not necessary to our decision.  The judgment is affirmed in part, reversed in part, and remanded.  The post-judgment order is affirmed.

[¶31]   Lisa Fair McEvers
Jerod E. Tufte
James D. Gion, D.J.
Gerald W. VandeWalle, C.J.

I concur in the result.
Daniel J. Crothers

[¶32]   The Honorable James D. Gion, D.J., sitting in place of Jensen, J., disqualified.