# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2021 ND 210

Priscilla Iakel-Garcia,                                                      Plaintiff and Appellee

v.

Richard Allen Anderson,                                          Defendant and Appellant

### No. 20210021

Appeal from the District Court of McLean County, South Central Judicial District, the Honorable John W. Grinsteiner, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by VandeWalle, Justice.

Tracy J. Lyson and Sarah Aaberg, Fargo, ND, for plaintiff and appellee; submitted on brief.

Richard A. Anderson, self-represented, Jamestown, ND, defendant and appellant; submitted on brief.

# Iakel-Garcia v. Anderson
## No. 20210021

**VandeWalle, Justice.**

[¶1]   Richard Anderson appealed from a judgment granting the parties' divorce, awarding Priscilla Iakel-Garcia primary residential responsibility and sole decision-making of the parties' minor child, and distributing the parties' marital estate. Anderson argues the district court erred in awarding Iakel-Garcia primary residential responsibility and sole decision-making because the court should not have considered his criminal conviction. Further, Anderson argues the court failed to divide the property equitably between the parties. We affirm the district court's judgment awarding Iakel-Garcia primary residential responsibility and sole decision-making. We reverse the court's judgment distributing the marital estate and remand for further proceedings.

## I

[¶2]   Richard Anderson and Priscilla Iakel-Garcia married in 2008 and have one minor child. In November 2019, Iakel-Garcia filed for divorce. In November 2020, a bench trial was held by reliable electronic means. N.D. Sup. Ct. Admin. R. 52.

[¶3]   At the time the action was commenced and throughout trial, Anderson was incarcerated following guilty pleas of corruption and solicitation of a minor, luring a minor by computer, and sexual assault and indecent exposure. The district court took judicial notice of this criminal matter.

[¶4]   In November 2020, the district court issued its judgment granting the divorce, awarding Iakel-Garcia primary residential responsibility and sole decision-making and distributing the parties' marital estate. In February 2021, Anderson filed this appeal.

## II

[¶5]   Anderson argues the district court erred in awarding Iakel-Garcia primary residential responsibility of the parties' minor child. He contends the

court should not have considered his criminal conviction because the crime did not involve the parties' minor child.

[¶6]   This Court's review of a district court's decision on primary residential responsibility is limited:

> A district court's decisions on [primary residential responsibility] . . . are treated as findings of fact and will not be set aside on appeal unless clearly erroneous. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if the reviewing court, on the entire evidence, is left with a definite and firm conviction a mistake has been made. Under the clearly erroneous standard of review, we do not reweigh the evidence or reassess the credibility of witnesses, and we will not retry a [primary residential responsibility] case or substitute our judgment for a district court's initial [primary residential responsibility] decision merely because we might have reached a different result. A choice between two permissible views of the weight of the evidence is not clearly erroneous, and our deferential review is especially applicable for a difficult [primary residential responsibility] decision involving two fit parents.

*Lessard v. Johnson*, 2019 ND 301, ¶ 12, 936 N.W.2d 528 (quoting *Grasser v. Grasser*, 2018 ND 85, ¶ 17, 909 N.W.2d 99) (quotation marks omitted).

[¶7]   The district court must award primary residential responsibility to the parent who will promote the child's best interests and welfare. *Dick v. Erman*, 2019 ND 54, ¶ 7, 923 N.W.2d 137. In deciding primary residential responsibility, the court must consider the relevant best interest factors under N.D.C.C. § 14-09-06.2. *Zuo v. Wang*, 2019 ND 211, ¶ 11, 932 N.W.2d 360. "The court is not required to make separate findings for each best interest factor, but the court's findings must contain sufficient specificity to show the factual basis for the primary residential responsibility decision." *Lessard*, 2019 ND 301, ¶ 13 (citing *Rustad v. Baumgartner*, 2018 ND 268, ¶ 4, 920 N.W.2d 465).

[¶8]   Here, the district court considered the best interest factors and made findings under each factor. Factors (a)-(h) favored Iakel-Garcia and factors (i), (k), and (l) were inapplicable. The court noted under factor (j), there was

testimony of aggression and suicidal threats by Anderson which favored Iakel-Garcia, but the presumption was not triggered. It is clear from the court's findings that the fact that Anderson had been incarcerated since May 2019 weighed heavily in favor of awarding primary residential responsibility to Iakel-Garcia. Because of his incarceration, the court noted Iakel-Garcia has been solely providing for the minor child. The court disagreed with Anderson's argument that the criminal conviction was irrelevant because it did not involve the parties' minor child. The court stated the crimes involved sexual acts with a minor child which was relevant to Anderson's moral fitness under factor (f). The court reasoned his conviction and incarceration has impacted the parties' minor child because Anderson has not been available or involved in the child's life since May 2019. The court's decision to award Iakel-Garcia primary residential responsibility and sole decision-making was not clearly erroneous.

[¶9]   Additionally, Anderson argues the district court erred because the judge in this proceeding was biased due to being the same judge who oversaw his criminal matter. Anderson did not raise the issue of judicial bias in the district court. "The failure to raise the issue of judicial bias in the trial court precludes our review on appeal." *Wisnewski v. Wisnewski*, 2020 ND 148, ¶ 65, 945 N.W.2d 331 (quoting *Wenzel v. Wenzel*, 469 N.W.2d 156, 158 (N.D. 1991). Anderson asserts the judge was biased because the judge was the same judge who sentenced him in his criminal matter, however, he made no demand for change of judge or request for recusal. To the extent Anderson alleges bias because the judge repeatedly denied his motions, "[a]dverse or erroneous rulings do not, by themselves, demonstrate bias." *Rath v. Rath*, 2016 ND 105, ¶ 13, 879 N.W.2d 735. Because judicial bias was not raised in the district court, we will not further address it for the first time on appeal.

## III

[¶10] Anderson argues the district court's property distribution is clearly erroneous because it failed to divide the property equitably between the parties.

[¶11] This Court's review of a district court's decision regarding the division of marital property is:

> We review a district court's determinations regarding the division of property as findings of fact, and we will not reverse unless the findings are clearly erroneous. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence the reviewing court is left with a definite and firm conviction a mistake has been made. A [district] court's findings of fact are presumptively correct, and we view the evidence in the light most favorable to the findings.

*Lorenz v. Lorenz*, 2007 ND 49, ¶ 5, 729 N.W.2d 692 (internal quotation marks and citations omitted).

[¶12] Section 14-05-24(1), N.D.C.C., requires a district court to make an equitable distribution of the parties' property and debts when a divorce is granted. "[A] trial court must start with a presumption that all property held by either party whether held jointly or individually is to be considered marital property. The trial court must then determine the total value of the marital estate in order to make an equitable division of property." *Hitz v. Hitz*, 2008 ND 58, ¶ 11, 746 N.W.2d 732 (quoting *Ulsaker v. White*, 2006 ND 133, ¶ 13, 717 N.W.2d 567). "The court must include all of the parties' assets and debts in the marital estate and then consider the *Ruff-Fischer* guidelines to determine an equitable distribution." *Willprecht v. Willprecht*, 2020 ND 77, ¶ 19, 941 N.W.2d 556 (citing *Swanson v. Swanson*, 2019 ND 25, ¶ 6, 921 N.W.2d 666). The *Ruff-Fischer* guidelines include the following factors:

> [T]he respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material. The trial court is not required to make specific findings, but it must specify a rationale for its determination.

*Lee v. Lee*, 2019 ND 142, ¶ 12, 927 N.W.2d 104 (quoting *Schultz v. Schultz*, 2018 ND 259, ¶ 27, 920 N.W.2d 483).

[¶13] The district court did not determine the total value of the marital estate before distributing the property and debts between the parties. The court's order indicates that each party is awarded every item of personal property in his or her possession, every bank account in his or her name, retirement plans provided by his or her employment, any life insurance policy on his or her life, and a vehicle. However, the court did not list a value for any of these items. The court distributed the marital home to Iakel-Garcia, however, no value is listed and the legal description provided does not match the legal descriptions of either the detached garage or house.

[¶14] After reviewing the record, the district court failed to determine the total value of the marital estate before dividing the marital property. The judgment, without any reference to the *Ruff-Fischer* guidelines, fails to list any value for the parties' assets. As a result, we are unable to determine whether the court equitably distributed the marital estate because the court did not make sufficient findings to permit appellate review. We reverse and remand to the district court for further proceedings regarding the distribution of the marital estate.

[¶15] The district court judge who presided over the original proceedings has retired. Because a new judge will decide the issue on remand, the new judge must "make a Rule 63, N.D.R.Civ.P., certification prior to conducting further proceedings or, alternatively, order a new trial." *In re Estate of Bartelson*, 2015 ND 147, ¶ 20, 864 N.W.2d 441 (quoting *Smestad v. Harris*, 2011 ND 91, ¶ 15, 796 N.W.2d 662).

IV

[¶16] Iakel-Garcia asserts that Anderson's appeal is frivolous and requests attorney's fees and double costs. Iakel-Garcia argues that Anderson's continuous motions and filings are evidence of bad faith and that his arguments on appeal do not relate to the district court's order or judgment. Iakel-Garcia does not request costs and attorney's fees on the basis that she has a need for them and the other spouse has an ability to pay. *Berg v. Berg*, 2018 ND 79, ¶ 13, 908 N.W.2d 705. We conclude Anderson's appeal is not

frivolous, and we decline Iakel-Garcia's request for attorney's fees and costs. N.D.R.App.P. 38.

V

[¶17] We have considered the remaining issues and arguments raised by the parties and conclude they are either unnecessary to our decision or are without merit.

[¶18] We affirm the district court's judgment awarding Iakel-Garcia primary residential responsibility and sole decision-making, reverse the court's judgment distributing the marital estate, and remand for further proceedings.

[¶19] Jon J. Jensen, C.J.
     Gerald W. VandeWalle
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte