# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2026 ND 36

Kyle Vetter,
Plaintiff and Appellee

v.

Michelle Vetter,
Defendant and Appellant

and

State of North Dakota
Statutory Real Party in Interest

## No. 20250339

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bobbi B. Weiler, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Fair McEvers, Chief Justice.

Theresa L. Kellington, Bismarck, ND, for plaintiff and appellee.

Michelle Vetter, self-represented, Bismarck, ND, defendant and appellant.

**Fair McEvers, Chief Justice.**

[¶1]   Michelle Vetter appeals from a second amended judgment awarding Kyle Vetter primary residential responsibility of their minor child. She argues the district court erred in modifying custody without a material change in circumstances; the court violated her due process rights; the court improperly delegated authority to a counselor and the child in awarding parenting time; the court improperly suspended child support without findings; the cumulative effect of errors warrants reversal; and the continuing parental alienation by appellee undermines the child's best interests. We summarily affirm, in part, under N.D.R.App.P. 35.1(a)(2), (4), and (8). However, because the district court improperly delegated and made inadequate findings supporting its decision on Michelle Vetter's parenting time, we conclude the court's decision on parenting time is clearly erroneous. We therefore reverse, in part, and remand for further proceedings limited to the issue of parenting time.

I

[¶2]   The parties were married in 1998 and have one minor child. In 2017, Kyle Vetter commenced a divorce action. In 2019, the district court entered a divorce judgment awarding Michelle Vetter primary residential responsibility of the minor child, which was affirmed on appeal. *Vetter v. Vetter*, 2020 ND 40, 938 N.W.2d 417. An amended judgment was entered in 2020.

[¶3]   In October 2024, Kyle Vetter moved to modify the amended judgment, requesting the parties share joint residential responsibility and child support to be recalculated accordingly. Michelle Vetter opposed the motion. The district court held a hearing on January 15, 2025. Before the court ruled, however, Kyle Vetter moved for temporary modification of residential responsibility and to modify the amended judgment to grant him primary residential responsibility of the minor child based on a significant and material change in circumstances. Michelle Vetter opposed the motions and moved for an order to show cause.

1

[¶4]   On January 30, 2025, the district court held another hearing, after which the court entered an interim order granting Kyle Vetter temporary residential responsibility. On May 5, 2025, the court held a final hearing on all pending motions. In July 2025, the district court entered its findings of fact, conclusions of law, and order for judgment, awarding Kyle Vetter primary residential responsibility of the minor child and establishing a parenting plan for Michelle Vetter's parenting time. A second amended judgment was entered.

II

[¶5]   Michelle Vetter argues the district court erred in modifying "custody" without a material change in circumstances, violated her due process rights, and improperly suspended child support without findings. She further argues the cumulative effect of errors warrants reversal and continuing parental alienation by Kyle Vetter undermines the child's best interests.

[¶6]   After a review of the record, we conclude the district court's findings on material change of circumstances and the best-interest factors and its award of primary residential responsibility are not clearly erroneous, and we are not left with a definite and firm conviction a mistake has been made. However, on her remaining issues—except whether the district court improperly delegated its authority in awarding parenting time—Michelle Vetter's appellate brief is devoid of citations to the record, and her arguments are conclusory and lack sufficient factual or legal analysis. Her brief does not meet the minimum requirements of N.D.R.App.P. 28. *See State v. Noack*, 2007 ND 82, ¶ 9, 732 N.W.2d 389 (discussing the "absolutely imperative" requirements of N.D.R.App.P. 28). This Court does not address inadequately briefed issues. *Hoff v. State*, 2024 ND 235, ¶ 16, 14 N.W.3d 892; *see also State v. Gomez*, 2025 ND 60, ¶ 18, 18 N.W.3d 829 ("A party waives an issue by not providing supporting argument and, without supportive reasoning or citations to relevant authorities, an argument is without merit." (cleaned up)); *State v. Glaum*, 2024 ND 47, ¶ 42, 4 N.W.3d 540 ("When a party fails to provide supporting argument for an issue [the party] is deemed to have waived that issue. This Court does not consider arguments that are not adequately articulated, supported, and briefed on appeal." (internal citations omitted)); *Montana-Dakota Utils. Co. v. Behm*, 2020 ND 234, ¶ 11, 951 N.W.2d 208

2

("We do not address inadequately briefed issues."). We therefore summarily affirm all issues except the improper delegation of parenting time under N.D.R.App.P. 35.1(a)(2), (4), and (8).

## III

[¶7]   Michelle Vetter argues the district court improperly delegated authority to a counselor and the child in awarding parenting time.

[¶8]   After a primary residential responsibility decision has been made, parenting time is governed by N.D.C.C. § 14-05-22(2), which provides:

> After making an award of primary residential responsibility, the court, upon request of the other parent, shall grant such rights of parenting time as will enable the child to maintain a parent-child relationship that will be beneficial to the child, *unless the court finds, after a hearing, that such rights of parenting time are likely to endanger the child's physical or emotional health.*

(Emphasis added.)

[¶9]   "It is not the wishes or desires of the parents, but rather the best interests of the child that are paramount when considering modification of parenting time." *Taylor v. Taylor*, 2022 ND 39, ¶ 8, 970 N.W.2d 209 (quoting *Curtiss v. Curtiss*, 2017 ND 60, ¶ 6, 891 N.W.2d 358); *see also Seibold v. Leverington*, 2013 ND 173, ¶ 19, 837 N.W.2d 342. "[P]arenting time between a parent without primary residential responsibility and a child is presumed to be in the child's best interests and that it is not merely a privilege of the parent, but 'a right of the child.'" *Seibold*, ¶ 19 (quoting *Hendrickson v. Hendrickson*, 2000 ND 1, ¶ 21, 603 N.W.2d 896). A district court's parenting time decision is a finding of fact and will not be reversed unless it is clearly erroneous. *Taylor*, ¶ 8. A finding of fact is clearly erroneous if there is no evidence to support it, if the finding is induced by an erroneous view of the law, or if the reviewing court is left with a definite and firm conviction a mistake has been made. *Id.*

[¶10] We have also explained, however, that parenting time with a parent without primary residential responsibility "may be curtailed or eliminated

entirely if it is likely to endanger the child's physical or emotional health." *Taylor*, 2022 ND 39, ¶ 16 (quoting *Wilson v. Ibarra*, 2006 ND 151, ¶ 10, 718 N.W.2d 568). Parenting time "should be restricted only upon a showing by a preponderance of the evidence that unrestricted [parenting time] is likely to endanger the child's physical or emotional health." *Id.* Complete denial of parenting time to a parent without primary residential responsibility "is a drastic measure that should be exercised only under the most compelling of circumstances." *Id.*

[¶11] In its order for amended judgment and subsequent second amended judgment, the district court established the following Parenting Plan:

> Phase 1. Michelle shall be allowed phone contact with B.L.V. B.L.V. will decide if and when she wants to engage in phone contact. B.L.V. and Michelle shall attend individual therapy. B.L.V. and her therapist shall decide when B.L.V. is ready for family therapy.
> Phase 2. B.L.V. and her therapist shall determine when she is ready to engage in in-person contact with Michelle, as well as the appropriate frequency of such visits.
> Holidays. B.L.V. will decide if she wants to spend any time with Michelle for holidays.

[¶12] Michelle Vetter argues the district court erred in allowing a minor child and an externally appointed counselor to decide whether she may have contact without court-supervised review or findings under N.D.C.C. § 14-09-06.6, depriving her of her parental rights. Kyle Vetter argues, however, the court correctly found it appropriate to curtail or eliminate Michelle Vetter's visitation because it endangered the child's physical and emotional health.

[¶13] A district court generally cannot delegate to anyone the power to decide questions of residential responsibility or related issues. *Cnty. of Sargent v. Faber*, 2022 ND 155, ¶ 22, 978 N.W.2d 652. *Taylor*, 2022 ND 39, ¶ 23; *Krueger v. Krueger*, 2011 ND 134, ¶ 16, 800 N.W.2d 296; *Marquette v. Marquette*, 2006 ND 154, ¶ 10, 719 N.W.2d 321; *Paulson v. Paulson*, 2005 ND 72, ¶ 21, 694 N.W.2d 681. This Court does not encourage using parenting time provisions which give the parent with primary residential responsibility "total control over the time and manner" of the other parent's parenting time. *Marquette,* ¶ 10. We have also said a court may not "rely solely on a child's wishes when deciding residential responsibility,"

*Faber*, ¶ 22, or permit a minor child to decide parenting time. *See Martodam v. Martodam*, 2020 ND 70, ¶ 23, 940 N.W.2d 664, overruled on other grounds by *Kinden v. Kinden*, 2025 ND 68, ¶ 12, 19 N.W.3d 811; *Sisk v. Sisk*, 2006 ND 55, ¶ 11, 711 N.W.2d 203.

[¶14] We have also disapproved delegating "extensive decision-making authority of the court" to a therapist. *Boyda v. Boyda*, 2025 ND 193, ¶ 21, 27 N.W.3d 706. In *Boyda*, ¶¶ 20-21, for example, the district court's parenting time order required the therapist approve a parent's progress before graduating between steps for additional parenting time and allowed the therapist to make recommendations to the parent, but not the court. We concluded that when "[r]ead as a whole, the order delegate[d] to the therapist extensive decision-making authority of the court." *Id.* ¶ 21. Rather than the court providing criteria for each step, "the therapist was permitted to determine what criteria applied during each step, and to then decide whether and when the criteria for each step was completed." *Id.* ¶ 23. We reversed and remanded, concluding the court's delegation of authority "was like the one we disapproved in *Paulson* where the provider was permitted 'to set the visitation schedule, carte blanche.'" *Id.* (quoting *Paulson*, 2005 ND 72, ¶ 21).

[¶15] Here, in its parenting plan, the district court delegated its parenting time decision to both the minor child and her therapist as to whether Michelle Vetter will be allowed contact with her child. The parenting plan provides that the child will decide "if and when" the child wants to engage in phone contact; that the child and her therapist will determine when the child is ready to engage in in-person contact with Michelle Vetter, as well as the appropriate frequency of visits; and that the child will decide if the child wants to spend any time with Michelle Vetter for the holidays.

[¶16] The district court's findings in this case, however, "do not demonstrate in detail the physical or emotional harm to the child" that would result from any form of parenting time. *Wilson*, 2006 ND 151, ¶ 14. The court provided "no nexus or link" showing how Michelle Vetter's past conduct "would result in physical or emotional harm to the child at this time." *See id.* ("There are no evaluations from independent professionals detailing the harm, and the court's finding of

5

physical or emotional harm resulting from [parenting time] appears to be based on surmise or conjecture."). We conclude that, in awarding parenting time to Michelle Vetter, the court improperly delegated its authority to decide parenting time to a therapist and the minor child and that the court's findings are not adequate to explain why all parenting time was made subject to the minor child's choice. We therefore conclude the court's parenting time decision is clearly erroneous.

[¶17] We reverse and remand to the district court for the limited purpose of making additional findings and conclusions and entering an amended judgment with a parenting plan addressing parenting time. On remand, the court may make the additional findings from the existing record or, in its discretion, may hold additional evidentiary hearings.

IV

[¶18] We summarily affirm the second amended judgment, in part, under N.D.R.App.P. 35.1(a)(2), (4), and (8); and we reverse, in part, and remand for further proceedings consistent with this opinion limited to the issue of parenting time.

[¶19]  Lisa Fair McEvers, C.J.
        Daniel J. Crothers
        Jerod E. Tufte
        Jon J. Jensen
        Douglas A. Bahr

6