# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 213

Heidi Boldt,                                    Plaintiff, Appellee, and Cross-Appellant

v.

Cliff J. Boldt,                                    Defendant, Appellant, and Cross-Appellee

## No. 20210101

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

David M. Knoll, Bismarck, ND, for plaintiff, appellee, and cross-appellant.

Micheal A. Mulloy (argued) and Aaron D. Pulanco (appeared), Bismarck, ND, for defendant, appellant, and cross-appellee.

**McEvers, Justice.**

[¶1]  Cliff Boldt appeals from a divorce judgment.  He asserts the district court erred when it awarded Heidi Boldt primary residential responsibility of the parties' minor children.  He argues the court's analysis of the best interest factors is inadequate and the evidence does not support its decision.  Heidi Boldt cross appeals.  She asserts the court erred when it calculated child support.  She argues the court improperly allowed Cliff Boldt to deduct amounts he pays her for the children's health insurance premiums from his gross income.  We affirm.

I

[¶2]  The parties were married in 2000.  They have four children.  Two of the children are minors.  They were eleven and nine years old at the time of these proceedings.  In 2019, Heidi Boldt left the marital home located near Carson and filed for a divorce.  She and the children moved to Flasher, where she works at a credit union and the children attend school.  The parties entered into a partial settlement agreement concerning the marital property, debts, spousal support, and attorney fees.  They agreed to sell the marital home and that Cliff Boldt would reside there until it sold.  They reserved the issues of parental rights, residential responsibility of the children, and child support for trial.  At trial, Cliff Boldt testified he was planning on purchasing a different residence further away from Flasher, but his plans were contingent on the sale of the marital home.  At the conclusion of the trial, the court indicated it would permit Cliff Boldt to supplement the record concerning his living arrangements "if the circumstances change before the opinion comes out."

[¶3]  The court entered an order awarding Heidi Boldt primary residential responsibility.  The court noted Cliff Boldt's proposed parenting plan, which was for shared residential responsibility on a weekly rotation, would require the children to "make significant change in their schedule each week" given the travel time, via bus, from Cliff Boldt's residence to their school in Flasher.

1

The court concluded making "such an adjustment on a week-to-week basis" would not be in the children's best interests. The court ordered both parties to split the cost of the children's health insurance, and it calculated child support.

[¶4] The parties prepared proposed findings of fact, conclusions of law, and judgments. Cliff Boldt filed an objection to Heidi Boldt's proposed documents. He advised the court his "plans of moving to the residence he testified to at trial will not occur because the parties have received no offers on the sale of the marital home." He asserted there was no evidence to support the court's finding concerning the time it would take the children to ride the bus to school. He also argued he should be entitled to a deduction from his income for purposes of child support for the children's health insurance premium payments under N.D. Admin. Code § 75-02-04.1-01(6)(d). His objection was accompanied with a request for an evidentiary hearing regarding his living arrangements and "to clarify the time in which the minor children ride the bus to school each day."

[¶5] The district court held a hearing on Cliff Boldt's objection. The court explained it would not take any additional evidence, but the court allowed Cliff Boldt to make an offer of proof, which included evidence that the bus ride from his home is generally forty minutes one way, as opposed to the "roughly two hours on a bus each day" the court described in its order. Cliff Boldt also asserted he would have presented evidence proving he would be available to transport the children to school himself. The district court denied Cliff Boldt's request to revisit its primary residential responsibility decision. The court granted Cliff Boldt's request to revise its child support calculation and held he was entitled to deduct amounts he reimbursed Heidi Boldt for the children's health insurance premiums from his gross income. Judgment was entered accordingly.

II

[¶6] Cliff Boldt argues the district court erred when it awarded Heidi Boldt primary residential responsibility. He claims the court did not sufficiently analyze the best interest factors and the evidence does not support the court's decision.

2

[¶7] The district court must award primary residential responsibility to the parent who will promote the welfare and best interests of the child. *State v. P.K.*, 2020 ND 235, ¶ 14, 951 N.W.2d 254. The court must consider the thirteen best interest factors set out at N.D.C.C. § 14-09-06.2(1) when making its determination, which are:

    a.    The love, affection, and other emotional ties existing between the parents and child and the ability of each parent to provide the child with nurture, love, affection, and guidance.

    b.    The ability of each parent to assure that the child receives adequate food, clothing, shelter, medical care, and a safe environment.

    c.    The child's developmental needs and the ability of each parent to meet those needs, both in the present and in the future.

    d.    The sufficiency and stability of each parent's home environment, the impact of extended family, the length of time the child has lived in each parent's home, and the desirability of maintaining continuity in the child's home and community.

    e.    The willingness and ability of each parent to facilitate and encourage a close and continuing relationship between the other parent and the child.

    f.    The moral fitness of the parents, as that fitness impacts the child.

    g.    The mental and physical health of the parents, as that health impacts the child.

    h.    The home, school, and community records of the child and the potential effect of any change.

    i.    If the court finds by clear and convincing evidence that a child is of sufficient maturity to make a sound judgment, the court may give substantial weight to the preference of the mature child. The court also shall give due consideration to other factors that may have affected the child's preference, including whether the child's preference was based on undesirable or improper influences.

    j.    Evidence of domestic violence . . . .

    k.    The interaction and inter-relationship, or the potential for interaction and inter-relationship, of the child with any

3

person who resides in, is present, or frequents the household of a parent and who may significantly affect the child's best interests. The court shall consider that person's history of inflicting, or tendency to inflict, physical harm, bodily injury, assault, or the fear of physical harm, bodily injury, or assault, on other persons.

l.   The making of false allegations not made in good faith, by one parent against the other, of harm to a child.

m.   Any other factors considered by the court to be relevant to a particular parental rights and responsibilities dispute.

[¶8] A decision on primary residential responsibility is a finding of fact reviewed under the clearly erroneous standard of review. *Vetter v. Vetter*, 2020 ND 40, ¶ 8, 938 N.W.2d 417.

> "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence supports it, or if this Court, on the entire record, is left with a definite and firm conviction a mistake has been made." [*Zuo v. Wang*, 2019 ND 211, ¶ 11, 932 N.W.2d 360.] "Under the clearly erroneous standard, we do not reweigh the evidence nor reassess the credibility of witnesses, and we will not retry a custody case or substitute our judgment for a district court's initial primary residential responsibility decision merely because we might have reached a different result." *Mowan v. Berg*, 2015 ND 95, ¶ 5, 862 N.W.2d 523 (*quoting Wolt v. Wolt*, 2010 ND 26, ¶ 7, 778 N.W.2d 786).

*Id.*

A

[¶9] Cliff Boldt claims the district court did not sufficiently analyze the best interest factors. He requests we remand the case for the court to make additional findings.

[¶10] We have articulated the requisite specificity for findings of fact supporting primary residential responsibility determinations:

> [A] district court need not make separate findings for each best interest factor or consider irrelevant factors, and a court's findings

4

> regarding one best interest factor may be applicable to other factors. However, the court's findings must contain sufficient specificity to show the factual basis for the primary residential responsibility decision. A court's findings of fact are sufficient if they afford a clear understanding of the court's decision and assist the appellate court in conducting its review.

*Topolski v. Topolski*, 2014 ND 68, ¶ 7, 844 N.W.2d 875 (cleaned up). Rule 52, N.D.R.Civ.P., also requires the court to "find the facts specially and state its conclusions of law separately."

[¶11] Cliff Boldt argues the district court erred because it did not specifically analyze the best interest factors. The district court found "it is clear that both parties are good parents and have love and affection for the children." The court also found Heidi Boldt has been the children's primary caregiver. The court rejected Cliff Boldt's request for equal parenting time on a weekly rotating basis. The court noted the children would be minutes away from school one week while they resided in Flasher with Heidi Boldt, and then the next week, when they resided with Cliff Boldt at his rural residence near Carson, they would have to spend roughly two hours a day on a bus riding to school. At trial the court explained: "changing households every week even if you are in the same town or just a few miles apart is one thing, but to kind of change your whole schedule every week is another. So that's what I'm looking at. . . . [I]t is a factor I'm looking at." In its written order the court found it would not be in the children's "best interests to require them to make such an adjustment on a week-to-week basis" given their "relatively young age and the grades they are in school."

[¶12] While we do not "condone [a] lack of effort to be specific . . . in identifying which specific factors were under consideration," we will affirm when the findings are "sufficiently detailed" for us to "clearly understand" the basis for the decision and to determine whether the district court's application of the best interest factors was clearly erroneous. *Topolski*, 2014 ND 68, ¶ 20. In this case, the district court's rationale is clear from the record. The court considered the best interest factors and determined each parent was capable of caring for the children, but it found awarding Heidi Boldt primary

residential responsibility would be in the children's best interest because it would provide stability and facilitate their participation in school and extra-curricular activities. Because we are able to understand the court's rationale and its application of the best interest factors, we reject Cliff Boldt's request for us to remand the case for additional findings.

B

[¶13] Cliff Boldt argues that even if the district court's findings are sufficient, the court's primary residential responsibility decision is not supported by the evidence. He asserts the evidence and the court's findings establish both parents are equally suited to care for the children, and therefore the district court erred when it did not order equal residential responsibility. "[O]ur deferential review is especially applicable for a difficult child custody decision involving two fit parents." *Dickson v. Dickson*, 2018 ND 130, ¶ 7, 912 N.W.2d 321 (quoting *Thompson v. Thompson*, 2018 ND 21, ¶ 7, 905 N.W.2d 772). We have repeatedly affirmed decisions to award primary residential responsibility to one parent despite the evidence not clearly favoring either parent. *Peek v. Berning*, 2001 ND 34, ¶ 17, 622 N.W.2d 186 (collecting cases). The district court's decision is supported by the evidence and is not clearly erroneous.

III

[¶14] Heidi Boldt cross appeals asserting the district court erred when it calculated child support. She asserts the court improperly allowed Cliff Boldt to deduct amounts he pays for the children's health insurance premiums from his gross income.

[¶15] A mixed standard of review applies to appeals from child support decisions:

> "Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review." *Grossman v. Lerud*, 2014 ND 235, ¶ 6, 857 N.W.2d 92 (quoting *State ex rel. K.B. v. Bauer*, 2009 ND

6

45, ¶ 8, 763 N.W.2d 462). "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, on the entire record, we are left with a definite and firm conviction that a mistake has been made." *Richter v. Houser*, 1999 ND 147, ¶ 3, 598 N.W.2d 193.

*Eubanks v. Fisketjon*, 2021 ND 124, ¶ 6, 962 N.W.2d 427 (quoting *Gooss v. Gooss*, 2020 ND 233, ¶ 14, 951 N.W.2d 247).

[¶16] The district court ordered the parties to equally share the cost of the children's health insurance, which Heidi Boldt obtained through her employer. The judgment states:

> Although health insurance is not currently available to Heidi at no cost or nominal cost, Heidi is presently providing health insurance for the minor children through her employer. She will continue to provide health insurance for the parties' minor children as long as it continues to be available at a reasonable cost through her employer. Cliff and Heidi shall equally share the cost of the health insurance premiums for health insurance coverage for their minor children. Cliff shall reimburse[] Heidi for his share of the children's health insurance premium by the 15th day of the month after which those premiums were paid by Heidi.

[¶17] The district court allowed Cliff Boldt to deduct his share of the premium payments from his gross income under N.D. Admin. Code § 75-02-04.1-01(6)(d), which allows an obligor to deduct:

> A portion of premium payments, made by the person whose income is being determined, for health insurance policies . . . intended to afford coverage for the child or children for whom support is being sought, determined by:
>> (1) If the cost of single coverage for the obligor and the number of persons associated with the premium payment are known:
>>> (a) Reducing the premium payment by the cost for single coverage for the obligor;
>>> (b) Dividing the difference by the total number of persons, exclusive of the obligor, associated with the premium payment; and

7

> (c) Multiplying the result times the number of insured children for whom support is being sought; or
>
> (2)    If the cost of single coverage for the obligor is not known:
>
>> (a) Dividing the payment by the total number of persons covered; and
>>
>> (b) Multiplying the result times the number of insured children for whom support is being sought[.]

[¶18] Interpretation of an administrative rule presents a question of law that is fully reviewable on appeal. *Hecker v. Stark Cty. Soc. Serv. Bd.*, 527 N.W.2d 226, 234 (N.D. 1994). Administrative rules are derivatives of statutes; we construe them using our principles of statutory construction. *Davis v. Davis*, 2010 ND 67, ¶ 13, 780 N.W.2d 707.

> The primary objective in interpreting a statute is to determine the legislature's intent. We give words their plain, ordinary, and commonly understood meaning, unless specifically defined or contrary intention plainly appears. Statutes are construed as a whole and harmonized to give meaning to related provisions. We give meaning to each word, phrase, and sentence.

*Schroeder v. State*, 2020 ND 167, ¶ 8, 946 N.W.2d 718 (citations omitted).

[¶19] Heidi Boldt argues N.D. Admin. Code § 75-02-04.1-01(6)(d) does not apply in this case because she pays the premiums and there is "no coverage for the obligor" as contemplated in subsections (1) and (2). Those subsections provide instructions for calculating the cost of the children's coverage when the obligor or other individuals are insured on the same policy. Although the rule could be clearer, we do not read it to require there be coverage for the obligor for it to apply as Heidi Boldt suggests. The plain language of the rule excludes from the obligor's gross income, without exception, "a portion of premium payments" that are "intended to afford coverage for the child." In this case, Cliff Boldt pays Heidi Boldt a portion of the premium payments for the children's health insurance coverage. Under N.D. Admin. Code § 75-02-04.1-01(6)(d), he is entitled to deduct that amount from his gross income. We conclude the district court did not err.

8

# IV

[¶20]  We have considered the parties' remaining arguments and conclude they are either without merit or unnecessary to our decision.  The judgment is affirmed.

[¶21]  Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte