# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 18

Tia Hoffman, n.k.a. Tia Holm,                    Plaintiff and Appellee

v.

Travis Hoffman,                                  Defendant and Appellant

and

State of North Dakota,                   Statutory Real Party in Interest

## No. 20220142

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable Rhonda R. Ehlis, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Robert A. Keogh, Dickinson, N.D., for plaintiff and appellee.

Theresa L. Kellington, Bismarck, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1]   Travis Hoffman appeals from an amended judgment and orders denying his motion to modify residential responsibility and granting Tia Hoffman's motion for a change of residence to relocate out of state with their minor child. We affirm.

I

[¶2]   The parties were married and have one minor child together, M.J.H., born in 2013. In 2018, Tia Hoffman commenced this action for divorce and residential responsibility of their minor child. After a trial, the district court entered judgment, awarding primary residential responsibility to Tia Hoffman, with parenting time to Travis Hoffman.

[¶3]   In July 2021, Travis Hoffman moved to modify the judgment, requesting primary residential responsibility be awarded to him. In November 2021, Tia Hoffman moved to amend the judgment, requesting a change in residence of the child from North Dakota to Colorado. The district court held an evidentiary hearing on Travis Hoffman's motion to modify residential responsibility. The court denied his motion to modify residential responsibility and granted Tia Hoffman's motion for a change of residence to relocate to Colorado. The court entered an amended judgment and parenting plan.

II

[¶4]   Travis Hoffman argues the district court erred in denying his motion to modify residential responsibility by applying the heightened standard to his motion and, alternatively, finding he failed to satisfy that standard. "A district court's decision on whether to modify primary residential responsibility is a finding of fact, which will not be reversed on appeal unless it is clearly erroneous." *Stoddard v. Singer*, 2021 ND 23, ¶ 6, 954 N.W.2d 696. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there

is no evidence to support it, or if the Court is convinced, on the entire record, a mistake has been made. *Id.*

A

[¶5] Travis Hoffman contends the district court erred in applying the heightened standard to his motion to modify residential responsibility.

[¶6] "Unless agreed to in writing by the parties, or if included in the parenting plan, no motion for an order to modify primary residential responsibility may be made earlier than two years after the date of entry of an *order establishing primary residential responsibility*, except in accordance with subsection 3." N.D.C.C. § 14-09-06.6(1) (emphasis added). Subsection 3, N.D.C.C. § 14-09-06.6, provides the heightened standard. If the modification is sought after two years following the date of entry of an order establishing primary residential responsibility, the court applies the more lenient standard requiring a material change in circumstances. N.D.C.C. § 14-09-06.6(6). Travis Hoffman asserts that his motion to modify residential responsibility was outside of the two-year period and that the district court erred in applying the heightened standard. We apply a de novo standard of review to the interpretation of a statute. *Gomm v. Winterfeldt*, 2022 ND 172, ¶ 16, 980 N.W.2d 204.

[¶7] The motion to modify residential responsibility was filed July 29, 2021. The judgment and findings of fact, conclusions of law, and order for judgment were entered August 1, 2019. The district court concluded these documents established primary residential responsibility, and because the motion was within two years, the heightened standard applied. Travis Hoffman argues the parenting plan, entered July 8, 2019, is an order establishing primary residential responsibility and the two-year period began upon its entry. The parenting plan provided, "Primary residential responsibility for M.J.H., born 2013, shall be with Tia Hoffman."

[¶8] Although Travis Hoffman argues that the parenting plan is an order establishing primary residential responsibility, for his argument to prevail we must ultimately conclude that the subsequent judgment and the order for judgment are not orders "establishing primary residential responsibility."

2

Because if either one is such an order, the two-year period limiting modification would begin anew from that date, August 1, 2019, regardless of whether the parenting plan can also be considered an order establishing primary residential responsibility.

[¶9] Under the prior version of N.D.C.C. § 14-09-06.6, we concluded that an amended judgment was "an order establishing custody" and that the district court erred by not applying the heightened standard. *Graner v. Graner*, 2007 ND 139, ¶¶ 29-30, 738 N.W.2d 9. We emphasized that the "purpose of the two-year period limiting modification is to provide a moratorium and spare children the painful, disruptive, and destabilizing effects of repeat custody litigation." *Id.* at ¶ 27.

[¶10] Of course, "[o]nly judgments constituting a final judgment of the rights of the parties and certain orders enumerated by statute are appealable." *Froehlich v. Froehlich*, 2021 ND 133, ¶ 8, 962 N.W.2d 588. A parenting plan is neither a final judgment nor, generally, an appealable order under N.D.C.C. § 28-27-02. Rather, an appeal is taken from the "subsequently entered consistent judgment, if one exists." *Taylor v. Taylor*, 2022 ND 39, ¶ 6, 970 N.W.2d 209. The judgment has the independent legal significance of being appealable to this Court. N.D.R.Civ.P. 54(a). The parenting plan is an interlocutory order, which "may be revised or reconsidered any time before a final order or judgment is entered." *Froehlich*, at ¶ 8; N.D.R.Civ.P. 54(b).

[¶11] Travis Hoffman contends that the parenting plan "conclusively established residential responsibility," which the parties were expected to immediately follow upon entry. While the parties are required to follow orders from the district court, interim or interlocutory orders are subject to revision or reconsideration at any time until a final order or judgment is entered. Accordingly, we conclude that the judgment, entered August 1, 2019, is an "order establishing primary residential responsibility." Because the motion to modify residential responsibility was filed within two years of the judgment, the court correctly applied the heightened standard.

## B

[¶12] Travis Hoffman argues in the alternative that he satisfied the heightened standard and the district court erred in denying his motion to modify residential responsibility. Under the heightened standard of N.D.C.C. § 14-09-06.6(3), a motion to modify primary residential responsibility may be made earlier than two years if the court finds:

    a. The persistent and willful denial or interference with parenting time;

    b. The child's present environment may endanger the child's physical or emotional health or impair the child's emotional development; or

    c. The primary residential responsibility for the child has changed to the other parent for longer than six months.

Travis Hoffman states he satisfied subdivisions (b) and (c). However, the only factual support he provides for subdivision (c) is through the declarations he filed in support of his response to Tia Hoffman's motion for a change of residence. Recognizing these declarations were filed in response to the change of residence motion, the district court did not consider these declarations when deciding the motion to modify residential responsibility. Travis Hoffman does not argue the court erred by not considering these declarations with his motion to modify residential responsibility. We conclude the court did not err in finding subdivision (c) did not apply.

[¶13] Further, the district court did not err in finding that Travis Hoffman failed to show that the child's present environment may endanger his physical or emotional health or impair his emotional development. Specifically, the court noted that Travis Hoffman raised concerns about the child's schooling and attention deficit hyperactivity disorder (ADHD). The court relied on the testimony of the child's physician, who testified that he believes Tia Hoffman is acting appropriately in handling the child's ADHD. The school concern centered on whether home schooling, as Travis Hoffman insisted, or public schooling, as Tia Hoffman proposed, was the better option for the child. The

4

child's physician testified that he believes public school is the better option for M.J.H. because it provides a fixed schedule, which the child was not receiving at home. On appeal, Travis Hoffman asserts subdivision (b) is met due to the child receiving worse grades while in Tia Hoffman's care, Tia Hoffman not informing him of certain medical appointments and school meetings, and her failure to reschedule medical appointments so he may attend. While the parties have joint decision-making responsibility on educational and non-emergency health care decisions, the court was not tasked with reviewing whether Tia Hoffman violated the terms of the judgment and parenting plan. Rather, Travis Hoffman moved for primary residential responsibility and alleged M.J.H.'s environment may endanger his physical or emotional health or impair his emotional development. We conclude the court did not clearly err in finding the child's present environment does not endanger his physical or emotional health or impair his emotional development.

## III

[¶14] Travis Hoffman argues the district court erred in granting Tia Hoffman's motion for change of residence by failing to hold a hearing on the motion, failing to consider his declaration, and incorrectly weighing the *Stout-Hawkinson* relocation factors. "A district court's decision on a motion to relocate is a finding of fact that will not be reversed on appeal unless clearly erroneous." *Lessard v. Johnson*, 2022 ND 32, ¶ 28, 970 N.W.2d 160.

## A

[¶15] Travis Hoffman contends the district court erred by failing to hold a hearing on the motion to amend the judgment for a change of residence. Under N.D.R.Ct. 3.2(a)(3), a party must request a hearing and secure a time for the hearing:

> If any party who has timely served and filed a brief requests a hearing, the request must be granted. A timely request for a hearing must be granted even if the moving party has previously served notice indicating that the motion is to be decided on briefs. The party requesting a hearing must secure a time for the hearing and serve notice upon all other parties. Requests for a hearing or

5

the taking of evidence must be made not later than seven days after expiration of the time for filing the answer brief. If the party requesting a hearing fails within 14 days of the request to secure a time for the hearing, the request is waived and the matter is considered submitted for decision on the briefs. If an evidentiary hearing is requested in a civil action, notice must be served at least 21 days before the time specified for the hearing.

"If a party who timely served and filed a brief requests a hearing on a motion, then such a hearing must be held and it is not discretionary with the trial court." *Matter of Guardianship of S.M.H.*, 2021 ND 104, ¶ 16, 960 N.W.2d 811. Neither Tia Hoffman nor Travis Hoffman requested a hearing on the motion. Because Travis Hoffman did not request a hearing or secure a time for the hearing, the court did not err by not holding a hearing on the motion to amend judgment for a change of residence. *Id.* at ¶ 17 (concluding that party opposing motion did not request evidentiary hearing and thus district court did not err by ruling without holding a hearing).

B

[¶16] Travis Hoffman argues the district court erred by failing to consider his declaration in support of his response to Tia Hoffman's motion for a change of residence. On November 24, 2021, he filed his declaration without any language stating it was given "under penalty of perjury" as required by N.D.C.C. § 31-15-05. On December 17, 2021, he filed a second declaration stating it was "under the penalty of perjury." The court did not consider either of these declarations in granting the motion to change residence.

[¶17] Under N.D.R.Ct. 3.2(a)(2), the party opposing the motion has "14 days after service of a brief within which to serve and file an answer brief and other supporting papers." Tia Hoffman served her brief in support of the motion to amend judgment for a change of residence on November 10, 2021. Therefore, Travis Hoffman had until November 24, 2021, to serve and file his answer brief and other supporting papers. His first declaration was timely filed, but did not comply with N.D.C.C. § 31-15-05. His second declaration was untimely under N.D.R.Ct. 3.2(a)(2). Travis Hoffman does not cite any legal basis requiring the

6

district court to consider his untimely declaration. We conclude the court did not err by disregarding his untimely declaration.

C

[¶18] Travis Hoffman asserts the district court incorrectly weighed factors one and four of the *Stout-Hawkinson* relocation factors in granting the motion to relocate.

[¶19] "A parent with primary residential responsibility for a child may not change the primary residence of the child to another state except upon order of the court or with the consent of the other parent, if the other parent has been given parenting time by the decree." N.D.C.C. § 14-09-07(1). "The parent moving for permission to relocate has the burden of proving by a preponderance of the evidence the move is in the child's best interests." *Lessard*, 2022 ND 32, ¶ 27. In deciding whether relocation is in the child's best interests, the district court applies the four factors outlined in *Stout v. Stout*, 1997 ND 61, ¶¶ 33-34, 560 N.W.2d 903, as modified in *Hawkinson v. Hawkinson*, 1999 ND 58, ¶ 9, 591 N.W.2d 144:

> 1. The prospective advantages of the move in improving the custodial parent's and child's quality of life,
>
> 2. The integrity of the custodial parent's motive for relocation, considering whether it is to defeat or deter visitation by the noncustodial parent,
>
> 3. The integrity of the noncustodial parent's motives for opposing the move,
>
> 4. The potential negative impact on the relationship between the noncustodial parent and the child, including whether there is a realistic opportunity for visitation which can provide an adequate basis for preserving and fostering the noncustodial parent's relationship with the child if relocation is allowed, and the likelihood that each parent will comply with such alternate visitation.

*Lessard*, at ¶ 28.

7

[¶20] The district court found factor one weighed in favor of relocation. Specifically, the court found that moving to Colorado would keep the custodial home intact because Tia Hoffman's husband, who is training to be an electrician, has already moved to Colorado. *See Norby v. Hinesley*, 2020 ND 153, ¶ 12, 946 N.W.2d 494 ("When the custodial parent desires to move to live with a new spouse, we conclude that fact becomes dominant in favor of allowing the move."); *but see Green v. Swiers*, 2018 ND 258, ¶ 5, 920 N.W.2d 471 ("No single factor is dominant, and what may be a minor factor in one case may have a greater impact in another."). The court also found that Tia Hoffman has a job lined up at the same company as her husband, which would provide her a more stable schedule, benefits, and opportunities for advancement. The court found that Tia Hoffman's sisters agreed to provide free childcare in Colorado, and that she would be near her aging mother. The court did not clearly err in finding the prospective advantages of the move would improve Tia Hoffman's and the child's quality of life.

[¶21] The district court also found factor four weighed in favor of relocation. "A relocation should be denied based on the fourth factor only in exceptional circumstances, including when the court finds a custodial parent would not foster the child's relationship with the noncustodial parent and would not comply with any visitation schedule the court could order." *Norby*, 2020 ND 153, ¶ 21. "Distance alone is not a sufficient basis to deny relocation; it must be considered in the context of the ability to refashion a visitation schedule that can foster the noncustodial parent/child relationship." *Id.* at ¶ 22. The court found that a restructured visitation schedule would allow Travis Hoffman to maintain a close relationship with M.J.H. Tia Hoffman offered, and the court ultimately ordered, that Travis Hoffman shall have parenting time during the child's entire summer break and rotating holidays. The court also found that Tia Hoffman has no history of deterring parenting time, and actually allowed Travis Hoffman to receive more parenting time beyond the original parenting plan. The court found that nothing in the record shows Tia Hoffman would fail to follow the parenting plan. The court did not clearly err in finding factor four—the potential negative impact on the relationship between Travis Hoffman and the child—weighed in favor of relocation.

[¶22] Travis Hoffman does not challenge factors two and three—the integrity of both parents' motives. Although the district court found that factor three did not favor relocation because of Travis Hoffman's genuine motive to be with his son, it found that the other three factors weighed in favor of relocation and that the relocation would be in the child's best interests. We conclude this finding is not clearly erroneous.

IV

[¶23] Travis Hoffman argues the court acted with bias or displayed prejudice towards him throughout the post-judgment proceedings. However, "[t]he law presumes a judge is unbiased and not prejudiced." *Rath v. Rath*, 2016 ND 105, ¶ 12, 879 N.W.2d 735. "Adverse or erroneous rulings do not, by themselves, demonstrate bias. Rather, for recusal to be warranted, a judge must be partial or there must be some external influence that creates an appearance of impropriety." *Id.* at ¶ 13. Travis Hoffman has not alleged facts sufficient to support a showing the judge was biased or there was some external influence creating an appearance of impropriety.

[¶24] Travis Hoffman states the court erred in awarding parenting time. However, he does not provide any legal or factual support for his contention, waiving the issue. *Feickert v. Feickert*, 2022 ND 210, ¶ 15, 982 N.W.2d 316 ("Where a party fails to provide supporting argument for an issue listed in his brief, he is deemed to have waived that issue.").

V

[¶25] We affirm the amended judgment and orders denying the motion to modify residential responsibility and granting the motion for a change of residence.

[¶26] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

9