# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2025 ND 68

Sarah Anne Kinden, f/k/a Sarah
Anne Guches, n/k/a Sarah Anne Knell,                   Plaintiff and Appellant

    v.

Catlin Jacob Kinden,                                               Defendant and Appellee

    and

State of North Dakota,                             Statutory Real Party in Interest

### No. 20240226

Appeal from the District Court of McLean County, South Central Judicial District, the Honorable Jackson J. Lofgren, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Aften M. Grant, Minot, N.D., for plaintiff and appellant.

Patrick W. Waters, Bismarck, N.D., for defendant and appellee.

**Tufte, Justice.**

[¶1]   Sarah Knell (formerly Sarah Kinden) appeals from a district court order and second amended judgment on her and Catlin Kinden's cross-motions to modify residential responsibility. Knell raises three issues on appeal. First, she argues the district court erred in concluding the September 2022 amended judgment did not restart the two-year period of heightened requirements for modifying residential responsibility under N.D.C.C. § 14-09-06.6(5). Second, Knell argues the district court erred in granting Catlin Kinden primary residential responsibility under N.D.C.C. § 14-09-06.6(6) because N.D.C.C. § 14-09-06.6(6) requires not only findings that (1) there has been a material change in circumstances and (2) modification of residential responsibility is necessary to serve the children's best interests, but also that (3) the material change adversely affected the children or there has been a general decline in their condition. Knell argues the district court's findings were insufficient for change of residential responsibility under N.D.C.C. § 14-09-06.6(6) because the district court did not find that the material changes had adversely affected the children or that there had been a general decline in their condition. Finally, Knell argues the district court erroneously weighed the best-interest factors. We affirm the second amended judgment.

I

[¶2]   Sarah Knell and Catlin Kinden married in 2003 and have four children together. In October 2020, Knell filed for divorce. At that time, Knell and Kinden were living separately in Garrison, North Dakota. Knell and Kinden filed a stipulated settlement agreement, and the district court entered judgment awarding the parties equal residential responsibility of their four minor children. During the school year, the children spent the majority of their time with Knell. Kinden had parenting time Tuesday and Thursday evenings and every other weekend. In the summer, the parties alternated weeks. The judgment also required that the parties submit any disputes to mediation.

[¶3]   The district court found that Knell and Kinden have struggled to co-parent. The majority of the conflicts have centered on the children's medical care. Two of the parties' children are now adults, but the two minor children—B.K. and P.K.—require medication. The youngest child, P.K., has Type 1 diabetes and uses an insulin pump monitored by a device that wirelessly connects to her cellphone. The district court found that Knell and Kinden "have different approaches to P.K.'s medical care." Kinden "meticulously monitor[s] P.K.'s status and contacts [Knell] if any issues are detected." Both the district court and parenting investigator found that, although Knell could be more vigilant, it seems Kinden has used the children's medical care as a pretext for initiating conflict with Knell.

[¶4]   In July 2021, Kinden moved to modify residential responsibility, alleging that Knell "ha[d] shown demonstrable disregard for the health risks of the individual children." Knell responded by moving the district court for referral to family mediation and for attorney's fees and costs. The district court found Kinden had not complied with the original judgment's mediation requirement, ordered the parties to participate in mediation, and awarded Knell attorney's fees and costs.

[¶5]   In December 2021, Knell filed a countermotion to modify residential responsibility. The parties stipulated that each had established a prima facie case for modification of residential responsibility necessary to secure an evidentiary hearing. They also stipulated to a parenting investigation. In August 2022, the parenting investigator submitted her report, which included numerous findings and recommendations. The investigator did not recommend a change to the parties' equal residential responsibility. The parties signed a stipulation to modify judgment in which they agreed to continue sharing residential responsibility and added several terms to the parenting plan. The district court adopted the parties' agreement in its first amended judgment, entered on September 21, 2022.

[¶6]   In May 2023, Kinden moved the district court to excuse him from mediation prior to seeking relief from the court. Knell opposed the motion, which the district court ultimately denied. In July 2023, Kinden relocated from Garrison to Bismarck, and Knell requested that the parties participate in

2

mediation to address how to adjust the parenting plan to accommodate Kinden's move. In December 2023, the parties again participated in mediation, without resolution.

[¶7] In February 2024, Knell filed a motion seeking primary residential responsibility. Knell argued she met an exception under N.D.C.C. § 14-09-06.6(5) to the two-year moratorium on modifications to the residential responsibility judgment because primary residential responsibility had changed to her for more than six months since Kinden had relocated to Bismarck. In addition to primary residential responsibility, Knell requested permission to change their legal residence from Garrison to Hazen, North Dakota. Knell remarried and has a child with her new husband and a home in Hazen. Kinden objected to Knell's motion and also filed a motion requesting the court to award him primary residential responsibility. The parties again stipulated that each had made a prima facie showing for modification of residential responsibility sufficient to secure an evidentiary hearing.

[¶8] In July 2024, the district court held an evidentiary hearing on the parties' cross-motions to modify residential responsibility. In its order on the parties' cross-motions, the court found the amended judgment entered on September 21, 2022, did not restart the two-year period of heightened requirements for modifying residential responsibility under N.D.C.C. § 14-09-06.6(5). The court concluded "the less restrictive requirements of 14-09-06.6(6) apply," but noted that "whether subsection 5 or subsection 6 applies in this matter is not determinative," because "[b]oth standards lead the Court to the same place—the best interest factors." The court considered each of the best-interest factors under N.D.C.C. § 14-09-06.2(1) and concluded it would best serve the children's interests to award Kinden primary residential responsibility.

II

[¶9] Knell argues that the district court erred in resolving the parties' cross-motions under N.D.C.C. § 14-09-06.6(6) instead of N.D.C.C. § 14-09-06.6(5). Even if N.D.C.C. § 14-09-06.6(6) were the proper standard, she argues the court erred in granting Kinden primary residential responsibility because its findings were

3

insufficient for change of residential responsibility under N.D.C.C. § 14-09-06.6(6).

[¶10] We review a district court's decision regarding residential responsibility for clear error:

> This Court's review of a district court's decision on primary residential responsibility is limited[.] A district court's decisions on primary residential responsibility . . . are treated as findings of fact and will not be set aside on appeal unless clearly erroneous. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if the reviewing court, on the entire evidence, is left with a definite and firm conviction a mistake has been made. Under the clearly erroneous standard of review, we do not reweigh the evidence or reassess the credibility of witnesses, and we will not retry a primary residential responsibility case or substitute our judgment for a district court's initial primary residential responsibility decision merely because we might have reached a different result. A choice between two permissible views of the weight of the evidence is not clearly erroneous, and our deferential review is especially applicable for a difficult primary residential responsibility decision involving two fit parents.

*Iakel-Garcia v. Anderson*, 2021 ND 210, ¶ 6, 966 N.W.2d 892 (cleaned up). We review the interpretation of a statute de novo. *Hoffman v. Hoffman*, 2023 ND 18, ¶ 6, 985 N.W.2d 683.

[¶11] The plain language of N.D.C.C. § 14-09-06.6 provides that the statute governs modifications of *primary* residential responsibility. The statute is titled "Limitations on postjudgment modifications of primary residential responsibility," and refers throughout specifically to "*primary* residential responsibility":

1. Unless agreed to in writing by the parties, or if included in the parenting plan, no motion for an order to modify *primary residential responsibility* may be made earlier than two years after the date of entry of an order establishing *primary residential responsibility*, except in accordance with subsection 3.

4

2. Unless agreed to in writing by the parties, or if included in the parenting plan, if a motion for modification has been disposed of upon its merits, no subsequent motion may be filed within two years of disposition of the prior motion, except in accordance with subsection 5.

3. The time limitation in subsections 1 and 2 does not apply if the court finds:
   a. The persistent and willful denial or interference with parenting time;
   b. The child's present environment may endanger the child's physical or emotional health or impair the child's emotional development; or
   c. The *primary residential responsibility* for the child has changed to the other parent for longer than six months.

4. A party seeking modification of an order concerning *primary residential responsibility* shall serve and file moving papers and supporting affidavits and shall give notice to the other party to the proceeding who may serve and file a response and opposing affidavits. The court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification. The court shall set a date for an evidentiary hearing only if a prima facie case is established.

5. The court may not modify the *primary residential responsibility* within the two-year period following the date of entry of an order establishing *primary residential responsibility* unless the court finds the modification is necessary to serve the best interests of the child and:
   a. The persistent and willful denial or interference with parenting time;
   b. The child's present environment may endanger the child's physical or emotional health or impair the child's emotional development; or
   c. The *residential responsibility* for the child has changed to the other parent for longer than six months.

6. The court may modify the *primary residential responsibility* after the two-year period following the date of entry of an order establishing *primary residential responsibility* if the court finds:
   a. On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior

order, a material change has occurred in the circumstances of the child or the parties; and

    b. The modification is necessary to serve the best interests of the child.

7. The court may modify a prior order concerning *primary residential responsibility* at any time if the court finds a stipulated agreement by the parties to modify the order is in the best interests of the child.

8. Upon a motion to modify *primary residential responsibility* under this section, the burden of proof is on the moving party.

N.D.C.C. § 14-09-06.6 (emphasis added). Only N.D.C.C. § 14-09-06.6(5)(c) refers to "residential responsibility" generally. "'Residential responsibility' means a parent's responsibility to provide a home for the child." N.D.C.C. § 14-09-00.1(8). "'Primary residential responsibility' means a parent with more than fifty percent of the residential responsibility." N.D.C.C. § 14-09-00.1(7). Section 14-09-07 ("Residence of child") distinguishes between "primary residential responsibility" and "equal residential responsibility," which is further evidence that N.D.C.C. § 14-09-06.6 governs orders specifically establishing *primary* residential responsibility.

[¶12] The parties moved to modify residential responsibility under N.D.C.C. § 14-09-06.6. There is, however, no "order establishing primary residential responsibility" to modify under N.D.C.C. § 14-09-06.6. Although, on its face, N.D.C.C. § 14-09-06.6 specifically governs modifications of orders establishing primary residential responsibility, this Court has previously indicated that N.D.C.C. § 14-09-06.6 also applies to motions to modify equal or joint residential responsibility. *See, e.g., Martodam v. Martodam*, 2020 ND 70, ¶ 12, 940 N.W.2d 664 (N.D.C.C. § 14-09-06.6 "governs motions to modify a judgment when the parties had stipulated to joint residential responsibilities"); *Dickson v. Dickson*, 2018 ND 130, ¶ 7, 912 N.W.2d 321 ("Although N.D.C.C. § 14-09-06.6 refers to motions to modify primary residential responsibilities, this Court has implied the statute applies to motions to modify a judgment where the parties had stipulated to joint residential responsibilities."); *Hageman v. Hageman*, 2013 ND 29, ¶¶ 5–6, 827 N.W.2d 23 (stating "[a] parent may move to modify primary residential responsibility under the framework provided in N.D.C.C. § 14-09-06.6" when reviewing a district court's ruling on a motion to modify joint residential

6

responsibility). To the extent our previous decisions applied N.D.C.C. § 14-09-06.6 to motions to modify residential responsibility when there was no prior order establishing primary residential responsibility, they are overruled.

[¶13] The plain language of N.D.C.C. § 14-09-06.6 limits modification of residential responsibility only when there is a prior order establishing primary residential responsibility. When, as here, a party moves to modify a judgment awarding joint residential responsibility, N.D.C.C. § 14-09-06.6 does not apply. The district court must instead make an original determination regarding primary responsibility:

> Section 14-09-06.6, N.D.C.C., governs the post-judgment modification of primary residential responsibility. Generally, a parent may move to modify primary residential responsibility under the framework provided by N.D.C.C. § 14-09-06.6. *See Regan v. Lervold*, 2014 ND 56, ¶ 12, 844 N.W.2d 576. When the parents have joint or equal residential responsibility, however, an original determination to award "primary residential responsibility" is necessary. *See Maynard v. McNett*, 2006 ND 36, ¶ 21, 710 N.W.2d 369 (original determination of primary residential responsibility is appropriate when the parties have joint residential responsibility and one party wishes to relocate).

*Mairs v. Mairs*, 2014 ND 132, ¶ 7, 847 N.W.2d 785.

[¶14] In resolving the parties' cross-motions, the district court weighed the best-interest factors under N.D.C.C. § 14-09-06.2(1) and made an original determination of primary residential responsibility. We conclude the court applied the correct standard.

III

[¶15] Knell argues the district court erred in awarding Kinden primary residential responsibility of the two minor children. Specifically, Knell argues the court's findings, under N.D.C.C. § 14-09-06.2(1), regarding best-interest factors a, b, d, e, l, and m are clearly erroneous.

7

[¶16] A district court's decision on primary residential responsibility is a finding of fact that we review for clear error. *Armitage v. Armitage*, 2024 ND 97, ¶ 5, 6 N.W.3d 828. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence supports it, or if this Court, on the entire record, is left with a definite and firm conviction a mistake has been made." *Id.* Under clear error review, "we will not retry a primary residential responsibility case or substitute our judgment for a district court's initial primary residential responsibility decision merely because we might have reached a different result." *Iakel-Garcia*, 2021 ND 210, ¶ 6 (cleaned up). "In deciding residential responsibility, the district court considers the best interests and welfare of the child. N.D.C.C. §§ 14-09-06.2, 14-09-30(1). The court must consider the thirteen best interest factors set out at N.D.C.C. § 14-09-06.2(1) when making its decision . . . but need not make a finding on each factor." *Armitage*, 2024 ND 97, ¶ 6 (cleaned up).

[¶17] Knell argues the district court erred in finding factors b and m favor Kinden and in weighing factors a, d, e, and l neutrally. Best-interest factors a, b, d, e, l, and m are:

> a. The love, affection, and other emotional ties existing between the parents and child and the ability of each parent to provide the child with nurture, love, affection, and guidance.
> b. The ability of each parent to assure that the child receives adequate food, clothing, shelter, medical care, and a safe environment.
>  . . . .
> d. The sufficiency and stability of each parent's home environment, the impact of extended family, the length of time the child has lived in each parent's home, and the desirability of maintaining continuity in the child's home and community.
> e. The willingness and ability of each parent to facilitate and encourage a close and continuing relationship between the other parent and the child.
>  . . . .
> l. The making of false allegations not made in good faith, by one parent against the other, of harm to a child.

> m. Any other factors considered by the court to be relevant to a particular parental rights and responsibilities dispute.

N.D.C.C. § 14-09-06.2(1)(a), (b), (d), (e), (l), (m).

## B

### 1

[¶18] The district court weighed factor a neutrally, finding both Knell and Kinden love their children and "have existing emotional ties with the children." The court also found that the conflict between the parties "permeates every aspect of this case" and that "[b]oth parents need to focus less on arguing with each other and more on the wants and needs of the children." Knell argues the court did not properly consider that she had been the children's primary caregiver since the separation. Although the court did not address this fact under factor a, it did so under its analysis of factors d and m. While we have acknowledged that "primary caretakers deserve recognition in custody determinations," this Court has been clear that "a primary caretaker enjoys no paramount or presumptive status under the best interests of the child factors." *Hillestad v. Small*, 2023 ND 195, ¶ 13, 5 N.W.3d 489. In its order, the district court gave Knell's primary caretaker role due recognition. The district court's finding, weighing factor a neutrally, is not clearly erroneous.

### 2

[¶19] The district court weighed factor b in favor of Kinden, finding "[b]oth parents have the ability to assure the children receive adequate food, clothing, shelter, and a safe environment," but Knell's attitude towards P.K.'s diabetes care "is at times lackadaisical" and Kinden "is more motivated to address the children's medical needs." Knell argues the district court clearly erred in finding this factor in favor of Kinden when it also found that Knell had brought the children to their appointments and that the children's health had improved since she became their primary caretaker. The children's medical care is a central point of contention between the parties, and the court engaged in detailed discussion of evidence relevant to factor b. The district court's finding on factor b is supported by the evidence and is not based on an erroneous view of the law.

[¶20] The district court weighed factor d neutrally, finding that both parties have stable home environments. The court acknowledged that the children had lived primarily with Knell during the school year, but found "[r]egardless of [its] decision, the children will be moving to a new home and community." Knell argues the court "fail[ed] to give sufficient credence to the need for keeping the custodial family intact[,which] constitutes reversible error."

[¶21] "A proper analysis of factor (d) requires the court to consider the length of time the children have lived in a stable satisfactory environment and the desirability of maintaining continuity." *Lindberg v. Lindberg*, 2009 ND 136, ¶ 10, 770 N.W.2d 252 (cleaned up). The district court properly considered the length of time the children had lived primarily with Knell and that the children would be moving to a new home and school district regardless of whether Knell or Kinden were awarded primary residential responsibility. The court's finding that factor d favored neither party is not clearly erroneous.

[¶22] "Although overlap exists between factors (d) and (e), factor (e) uses a forward-looking approach to the stability of the family unit, its interrelations and environment, versus the backward-looking factor (d)." *Lindberg*, 2009 ND 136, ¶ 13. The district court found factor e favored neither party, because "both parents recognize the children need to have a relationship with the other parent but allow their personal conflict to interfere." Knell argues the district court did not give proper weight to: (1) the benefit of keeping Knell's family unit intact and allowing the children to maintain daily contact with their youngest sibling, Knell's child with her new husband; (2) the fact that Knell does not work outside the home; and (3) Kinden's "open hostility toward Sarah Knell and its impact on the children." The district court addressed all of these facts in its order, and its finding is supported by the record. "A district court need not make separate findings for each best interest factor or consider irrelevant factors, and a court's findings regarding one best interest factor may be applicable to other factors." *Boldt v. Boldt*, 2021 ND 213, ¶ 10, 966 N.W.2d 897.

[¶23] The district court weighed factor l neutrally, finding that "it is difficult to determine whether [Kinden]'s actions are motivated by actual concern over P.K.'s health and welfare or whether it is merely the conduit to facilitate his conflict with [Knell]. It appears [Kinden] subjectively believes his actions are appropriate even if they may not be objectively reasonable." Knell argues "[t]here was nothing honest about Catlin Kinden's intentions when it came to Sarah Knell; everything he did, he did for the purpose of gathering evidence to use against her in court." Knell cites numerous incidents that she argues are clear examples of Kinden making false allegations against her in bad faith. In reviewing the district court's findings of fact for clear error, "we do not reweigh the evidence or reassess the credibility of witnesses, and we will not retry a custody case or substitute our judgment for a district court's initial custody decision merely because we might have reached a different result." *Thompson v. Thompson*, 2018 ND 21, ¶ 7, 905 N.W.2d 772. Because there is evidence in the record to support the district court's finding regarding factor l, it is not clearly erroneous.

6

[¶24] The district court weighed factor m in favor of Kinden, finding that "P.K.'s health needs and the children's schooling would be better served by awarding primary residential responsibility to [Kinden], which the Court finds is in the children's best interests." Knell argues the district court erred by not considering under factor m that Kinden testified to moving to Bismarck knowing that the children and Knell, pursuant to the parties' divorce agreement, were tied to Garrison. Knell characterizes Kinden's statement as an "admission against interest in the context of Catlin Kinden's case under factor (m)" and argues the court erred by not considering it.

[¶25] Factor m, "the catch-all factor," allows the district court to consider "[a]ny other factors" the court deems "relevant to a particular parental rights and responsibilities dispute." *DesLauriers v. DesLauriers*, 2002 ND 66, ¶ 17, 642 N.W.2d 892; N.D.C.C. § 14-09-06.2(m). Under factor m, the court explained that P.K.'s diabetes care and the children's school attendance were main points of

tension between the parties, and Kinden was more diligent about both. Regarding the children's schooling, the court found "the records show a history of absences," some of which could be explained by illness and medical appointments. The court explained: "On the one hand, it is easy for [Kinden] to criticize [Knell] for the children's attendance. He has not been responsible for getting them to school since they separated. On the other hand, he appears to be more proactive in ensuring they complete their school work and would likely be proactive in promoting their school attendance." Similarly, regarding P.K.'s diabetes care, the court acknowledged that Knell had borne primarily parental responsibility for P.K.'s care, but "[a]t times, [Knell] has not been as diligent as she could be regarding P.K.'s diabetic care." Knell cites no authority for her contention that the district court clearly erred in not also considering under factor m Kinden's statement regarding his relocation to Bismarck. The district court properly exercised its discretion under factor m to weigh the other factors it deemed relevant in this case.

[¶26] The district court's findings on the best-interest factors are supported by the record and are not based on an erroneous view of the law. Knell essentially asks us to reweigh the evidence, which we will not do under the clearly erroneous standard of review. *Armitage*, 2024 ND 97, ¶ 5. "A court's choice for primary residential responsibility between two fit parents is a difficult one, and this Court will not retry the case or substitute its judgment for that of the district court when its decision is supported by the evidence." *Hillestad*, 2023 ND 195, ¶ 13.

IV

[¶27] We affirm the second amended judgment.

[¶28] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Cherie L. Clark, D.J.

[¶29] The Honorable Cherie L. Clark, District Judge, sitting in place of Bahr, J., disqualified.