# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 195

Cole Clemenson,                                           Plaintiff and Appellant

v.

Ashlyn Clemenson,                                      Defendant and Appellee

and

State of North Dakota,                             Statutory Real Party in Interest

## No. 20250097

Appeal from the District Court of McHenry County, Northeast Judicial District, the Honorable Michael P. Hurly, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Christopher Rausch, Bismarck, ND, for plaintiff and appellant.

Jonathan F. Yunker, Devils Lake, ND, for defendant and appellee.

**Crothers, Justice.**

[¶1] Cole Clemenson appeals from a district court amended judgment designating Ashlyn Clemenson the primary residential parent and amending the parenting plan. Cole Clemenson claims the district court clearly erred in its application of the best interest factors in N.D.C.C. § 14-09-06.2. We affirm.

I

[¶2] The parties have two children, E.C. (2012) and A.C. (2015), and were married in 2015. In 2013 and 2021, Cole Clemenson pleaded guilty to simple assault-domestic violence for incidents involving Ashlyn Clemenson and was sentenced to pretrial diversion in both cases. The parties entered into a stipulated divorce, finalized in June 2022. The parties agreed to share primary residential responsibility on a week-on-week-off basis. Since the divorce both children have spent at least half the time living at Cole Clemenson's home.

[¶3] After the divorce Ashlyn Clemenson moved to Bottineau, where she currently lives with her boyfriend and their child who is a half-sibling to E.C. and A.C. In May 2024, the parties stipulated to an amended judgment to reflect changes in their respective incomes requiring a change in child support obligations. The district court issued an order for an amended judgment giving both parents equal residential responsibility. In July 2024, Cole Clemenson filed a motion to modify residential responsibility, requesting primary residential responsibility of the children. Ashlyn Clemenson responded and moved for primary residential responsibility. The parties agreed Ashlyn Clemenson's move to Bottineau is a material change in circumstances. In January 2025, a two-day trial was held.

[¶4] Under the amended judgment, the district court awarded primary residential responsibility to Ashlyn Clemenson and parenting time to Cole

Clemenson on alternating weekends. The parties alternate parenting time on a weekly basis in the summer months. Cole Clemenson appeals.

II

[¶5]   Cole Clemenson claims the district court clearly erred by applying the domestic violence presumption in N.D.C.C. § 14-09-06.2(1)(j) against him. He argues the presumption should not apply because he already had parental responsibility prior to the modification of the parenting plan. He also claims the court clearly erred in finding the domestic violence presumption was met and claims the finding of a serious bodily injury was clearly erroneous. He argues the domestic violence incidents cited by the court were not proximate, as required by statute. Cole Clemenson also claims the court clearly erred when it weighed the remaining best interest factors. He argues the court made insufficient findings and did not appropriately weigh all of the factors.

[¶6]   A district court's findings of fact on primary residential responsibility are reviewed for clear error. *Kinden v. Kinden*, 2025 ND 68, ¶ 16, 19 N.W.3d 811. A factual finding "is clearly erroneous if it is induced by an erroneous view of the law, if no evidence supports it, or if this Court, on the entire record, is left with a definite and firm conviction a mistake has been made." *Id.* When reviewing under the clearly erroneous standard, we do not reweigh the evidence, reassess the credibility of witnesses, or substitute our judgment for a court's residential responsibility decision merely because we might have reached a different result. *Boldt v. Boldt*, 2021 ND 213, ¶ 8, 966 N.W.2d 897.

A

[¶7]   Cole Clemenson claims the district court's application of the domestic violence factor in N.D.C.C. § 14-09-06.2(1)(j) was clear error because he had equal residential responsibility before the modification and he was the party who moved for modification.

[¶8]   A factual finding is clearly erroneous when induced by an erroneous view of the law. *Kinden*, 2025 ND 68, ¶ 16. Here, the parties stipulated to their divorce

2

and, prior to these motions, equally shared parenting time for their children. Cole Clemenson argues the statute does not allow consideration of the domestic violence factor when a parent already has equal residential responsibility. He makes this argument in reliance on *Laib v. Laib*, 2008 ND 129, ¶ 13, 751 N.W.2d 228, for the proposition "pre-divorce domestic violence triggers the presumption against an award of custody, custody may not be changed to the perpetrator unless the court finds by clear and convincing evidence that the presumption has been rebutted." While Cole Clemenson's citation to the *Laib* decision is correct, that case does not address the question here whether factor (j) applies to a parent who had equal parenting time.

[¶9] Cole Clemenson argues the statute is vague, citing to instances where the presumption was overcome through clear and convincing evidence and legislative intent. We conclude the domestic violence presumption in N.D.C.C. § 14-09-06.2(1)(j) is not ambiguous and on its face does not carve out an exception for when the parent found to have committed domestic violence had equal parenting time of the children. *See Zuraff v. Reiger*, 2018 ND 143, ¶¶ 2-10, 911 N.W.2d 887 (affirming district court's consideration of the domestic violence factor against the party moving for modification). Here, the court did not misapply the law by considering the domestic violence presumption under N.D.C.C. § 14-09-06.2(1)(j) after Cole Clemenson had equal parenting time of his children.

B

[¶10] Cole Clemenson claims the district court misapplied the law by not making a finding under N.D.C.C. § 14-09-06.2(1)(j) that domestic violence causing serious bodily injury was proximate to the proceeding.

[¶11] This question is an issue of first impression; however, our rules for interpreting statutes is clear:

> The district court's interpretation of [a statute] is a question of law, which we review de novo. Our primary goal in statutory interpretation is to determine the intent of the legislature, and we

3

first look to the plain language of the statute and give each word of the statute its ordinary meaning.

*State v. Helland*, 2025 ND 63, ¶ 23, 18 N.W.3d 882 (cleaned up). The relevant portion of N.D.C.C. § 14-09-06.2(1)(j), states:

> If the court finds credible evidence that domestic violence has occurred, and there exists one incident of domestic violence which resulted in serious bodily injury or involved the use of a dangerous weapon or there exists a pattern of domestic violence within a reasonable time proximate to the proceeding, this combination creates a rebuttable presumption that a parent who has perpetrated domestic violence may not be awarded residential responsibility for the child.

*Id.* The plain language of the statute is clear. "The word 'or' is disjunctive in nature and ordinarily indicates an alternative between different things or actions." *State ex rel. Stenehjem v. FreeEats.com, Inc.*, 2006 ND 84, ¶ 14, 712 N.W.2d 828. For the presumption to trigger, the district court first needs to find credible evidence that domestic violence occurred. The court next must find an instance of (1) serious bodily injury, or (2) use of a dangerous weapon, or (3) a pattern of domestic violence within a reasonable time proximate to the proceeding.

[¶12] Under N.D.C.C. § 14-09-06.2(1)(j) the presumption is triggered by the combination of domestic violence <u>and</u> one of the three alternative actions. On its face, the domestic violence factor only requires finding a pattern of domestic violence occurred in a reasonable time proximate to the proceeding. For the presumption to trigger, the statute does not require a court find a serious bodily injury or the use of a dangerous weapon proximate to the proceeding. This conclusion is consistent with our breakdown of factor (j) in *Selzler v. Selzler* and *Tulintseff v. Jacobsen*:

> Under N.D.C.C. § 14-09-06.2(1)(j), the presumption against awarding custody to the perpetrator arises in three circumstances: (1) there exists one incident of domestic violence which resulted in serious bodily injury; (2) there exists one incident of domestic violence which involved the use of a dangerous weapon; or (3) there

4

exists a pattern of domestic violence within a reasonable time proximate to the proceeding.

2001 ND 138, ¶ 17, 631 N.W.2d 564; , 2000 ND 147, ¶ 9, 615 N.W.2d 129 (cleaned up).

[¶13] Cole Clemenson claims the district court clearly erred by not finding serious bodily injury was proximate to the proceeding. For the reasons discussed above, the domestic violence presumption in N.D.C.C. § 14-09-06.2(1)(j) does not require a serious bodily injury to also be within a reasonable time proximate to the proceeding. The court did not misapply the law in its application of the domestic violence factor.

C

[¶14] Cole Clemenson claims the district court clearly erred in finding serious bodily injury occurred from a 2013 incident. A court's findings on primary residential responsibility is reviewed for clear error. *Kinden*, 2025 ND 68, ¶ 16.

[¶15] The district court found Cole Clemenson kicked Ashlyn Clemenson multiple times in a 2013 incident, which caused internal injury. The court also took judicial notice of a 2013 simple assault where Ashlyn Clemenson reported Cole Clemenson punched her. In its order the court referred to N.D.C.C. § 12.1-01-04(30), defining serious bodily injury as:

> [A] bodily injury that creates a substantial risk of death or which causes serious permanent disfigurement, unconsciousness, *extreme pain*, permanent loss or *impairment of the function of any bodily member or organ*, a bone fracture, or impediment of air flow or blood flow to the brain or lungs.

(Emphasis added.)

[¶16] The district court misstates Ashlyn Clemenson's testimony in its findings when it found Ashlyn Clemenson testified that her internal injury caused her extreme pain. Ashlyn Clemenson did testify to Cole Clemenson punching and

5

choking her, causing extreme pain. "Appellate courts review the record and findings as a whole and if the controlling findings are supported by the evidence, they will be upheld on appeal notwithstanding immaterial misstatements in the lower court's decision." *Peterka v. Janda*, 2025 ND 38, ¶ 9, 17 N.W.3d 558. The court heard Ashlyn Clemenson's testimony that one incident caused extreme pain, but misstated which incident this testimony related to. When considering the record as a whole, the court's misstatement is immaterial. We determine the court did not clearly err in its finding of a domestic violence incident which resulted in serious bodily injury.

[¶17] Cole Clemenson claims the district court clearly erred when it concluded factor N.D.C.C. § 14-09-06.2(1)(j) applied after finding a pattern of domestic violence occurred in a reasonable time proximate to the current proceedings. Cole Clemenson claims insufficient facts exist to find a pattern of domestic violence and, if a pattern exists, the events were not proximate to the proceeding. In subsection II(A) we affirmed the district court's application of the domestic violence factor. In subsection II(C) we concluded the court did not clearly err in finding the domestic violence presumption in factor (j) was met. Therefore, any further determination of whether a proximate pattern of domestic violence satisfies factor (j) would be advisory and we decline to address this argument.

D

[¶18] Cole Clemenson claims the district court erred in applying the remaining best interest factors under N.D.C.C. § 14-09-06.2(1). He argues the court's findings were improperly based on the domestic violence factor. He also argues the court clearly erred when it did not "seriously consider" all of the factors.

[¶19] A district court's findings of the best interest factors in N.D.C.C. § 14-09-06.2(1) are reviewed under a clearly erroneous standard. *Kinden*, 2025 ND 68, ¶ 16. "In deciding residential responsibility, the district court considers the best interests and welfare of the child. The court must consider the thirteen best interest factors set out at N.D.C.C. § 14-09-06.2(1) when making its decision but need not make a finding on each factor." *Id.* (cleaned up). Under the clearly

erroneous standard, we do not reweigh evidence. *Toppenberg v. Toppenberg*, 2025 ND 121, ¶ 10, 23 N.W.3d 751.

[¶20] When reviewing the record, the district court made findings regarding each of the factors. The court found factors (a), (b), and (c) favored neither party, factor (e) "slightly" favored Ashlyn Clemenson, and factors (d) and (h) favored Cole Clemenson. The court did not make findings on factors (f), (g), (i), (k), (l), or (m) because neither party provided evidence to support a finding. The court is not required to make findings on, but must consider, each factor. *Kinden*, 2025 ND 68, ¶ 16. Evidence supports the court's findings and the court did not clearly err in its application of the remaining best interest factors under N.D.C.C. § 14-09-06.2(1).

### III

[¶21] Ashlyn Clemenson claims Cole Clemenson's appeal is frivolous, and imposed unnecessary delay and expense, entitling her to attorney's fees. Rule 38, N.D.R.App.P., states, "If the court determines that an appeal is frivolous, or that any party has been dilatory in prosecuting the appeal, it may award just damages and single or double costs, including reasonable attorney's fees." An appeal is frivolous when "it is flagrantly groundless, devoid of merit, or demonstrates bad faith in pursuing the litigation." *State v. Carrier*, 2025 ND 41, ¶ 16, 17 N.W.3d 577 (cleaned up). Cole Clemenson's appeal is not groundless, devoid of merit, or pursued in bad faith, and we decline to award attorney's fees.

### IV

[¶22] We have considered the remaining issues and arguments raised by each party and determine they are unnecessary to our decision. We affirm the district court's amended judgment designating Ashlyn Clemenson the primary residential parent and modifying the parenting plan.

[¶23] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers

Jerod E. Tufte
Douglas A. Bahr